### In re EBERHARDT et al.

(District Court, W. D. Pennsylvania. January, 1924.)

No. 10726.

1. Bankruptcy ☞114(1)—Accounts of estates of partnership and individual partners to be separately kept.

Where a partnership and its members are adjudicated bankrupt, the Bankruptcy Act (Comp. St. §§ 9585–9656) contemplates that separate accounts shall be kept of the partnership property and that of the individual partners, and an accounting made by a receiver on acceptance of a composition offered by the partnership is not required to include an accounting of the individual estates not yet administered.

2. Bankruptcy ☞114(1) — Receiver held not chargeable with interest.

Where a trust company, which also conducted a banking business, was appointed receiver of a bankrupt and deposited funds collected in its own bank, subject to its check as receiver, it will not be required to pay interest on the deposit, where its offer to waive its commissions in lieu of paying interest was made to and approved by a majority of the creditors.

**3. Bankruptcy ⊜114(1)—Receiver not required to file formal inventory.**

A receiver in bankruptcy is not required to file a formal inventory.

In Bankruptcy. In the Matter of George W. Eberhardt and others, individually and as partners composing the firm of George W. Eberhardt & Co., bankrupts. On exceptions to receiver's account. Exceptions overruled, and account confirmed.

See, also, 1 F.(2d) 347.

Reed, Smith, Shaw & McClay, of Pittsburgh, Pa., for excepting creditor.

Alvin A. Morris and Calvert, Thompson & Wilson, all of Pittsburgh, Pa., for receiver.

J. Kirk Renner, of Connellsville, Pa., for bankrupts.

GIBSON, District Judge. At above number a petition in bankruptcy was filed against George W. Eberhardt, Sanford B. Evans, Walter W. Stewart, and Samuel B. Stewart, individually and as partners doing business under the name of George W. Eberhardt & Co. The Pennsylvania Trust Company, then the South Side Trust Company, was appointed receiver of both partnership and individual assets. Several months after the appointment of a receiver, the partnership offered a composition to its creditors, which offer was duly accepted. Pursuant to an order of court, the receiver has filed its account of its administration of the partnership assets. To that account a partnership, Thomas R. Purman & Co., a creditor, has filed the exceptions which we are now called upon to consider.

[1] The first exception is to the failure of the receiver to account for the individual assets of the members of the partnership, particularly for the individual assets of the partners in excess of their individual liabilities.

Exceptant seems to overlook the fact that the account filed is only in connection with the partnership estate. The Bankruptcy Act plainly contemplates that separate accounts of the partnership property and of the property belonging to the individual members shall be filed, although the specific provision of the Act places the duty to do so only upon the trustee. See section 5d, Bankruptcy Act (Comp. St. § 9589). The interrelation of the debts and assets makes obvious the necessity of separate accounts. When the individual estates of the partners are administered, and after all claims against them have been passed upon, it can be determined whether the partnership estate will receive anything from those estates. It was impossible to determine the matter at the time the account was filed. In our judgment, the attempt to do so at the present time is premature. In case excess assets are shown, upon account, to exist in one or more of the individual estates, such assets will go to the liquidating trustee of the partnership.

[2] By the second exception, which was the one most seriously urged upon argument upon the exceptions, the exceptant seeks to require the receiver to account for interest earned by the funds of the partnership while in its (receiver's) possession.

The facts relevant to the exceptions appear in the record, including the report of the referee. Immediately after the creditors' petition was filed the accountant, the Pennsylvania Trust Company, then the South Side Trust Company, was appointed receiver and took over the assets of the bankrupt. It conducted a banking, as well as a trust business, and deposited funds of the bankrupt estate in its own bank in its name as receiver. This account was in the bank for some months, considerably longer than the ordinary receiver's account, but the delay was not the fault of the accountant. The bankrupt's schedules were not filed, and no steps were taken by the creditors to enforce the rule in regard to time of filing. A very good reason existed for their failure to act. A composition offer, at first, was in course of preparation, and later was under consideration by the committee of the creditors. Finally this composition was taken up before the referee and accepted by the creditors. At this meeting the attention of the creditors was called to the deposit of the funds of the bankrupt by the receiver. We quote from the report of the referee:

"There was presented at said meeting a stipulation of the Pennsylvania Trust Company of Pittsburgh, receiver, that upon acceptance and confirmation of the offer of composition made by the bankrupt firm, it releases its claim to any part of the commission allowed by the Bankruptcy Act for its services as receiver in bankruptcy. Said stipulation is hereto attached. Said Pennsylvania Trust Company, by its attorneys, stated verbally at the meeting that it would either allow interest at the rate of 2 per cent. per annum on daily balances to its credit as receiver of George W. Eberhardt & Co., and claim a commission of 2 per cent. for its services as trustee in liquidating the remainder of the assets, or would

serve as liquidating trustee without further compensation and withdraw the offer to credit interest, which proposal was confirmed by letter dated October 2, 1923, addressed by said trust company to me and hereto attached. No action on said alternative proposals was taken at said creditors' meeting but the said creditors' committee has indicated that it thinks it most to the interest of the creditors that they accept the proposal that both interest and commission be waived, and it is therefore recommended that it be accepted accordingly."

It is apparent, from the excerpt of the referee's report, that the deposit and qualified use of the fund by the receiver was called to the attention of the creditors, and the great majority of them approved of the arrangement whereby the receiver, by reason of its possession of the fund on deposit, claimed no commission as receiver and undertook to continue to administer the estate as liquidating trustee without commission. Under such circumstances we do not feel that the exception should be sustained unless we are required to do so by an inflexible rule of law.

No such rule exists, as we think, which is applicable to the facts of the present matter. True, the general proposition advanced by the exceptant, to the effect that a trustee must account for profits arising out of the investment of the trust fund, is not to be questioned; but it is not applicable to the situation here presented. The accountant was appointed receiver of an estate in bankruptcy, and as such was required to anticipate the necessity of the payment of all funds of the estate to the trustee within a short time. Its own banking department was an authorized depository for bankruptcy funds, and the moneys of the estate were deposited to the credit of the receiver with that department—in a general fund from which loans were made and from which a profit was made, it is true, but nevertheless subject to immediate payment to the trustee or upon order of the court. Under such circumstances proration of the earning value of the funds in question with that of the various other funds in the bank and loaned by it would be practically, if not altogether, impossible. In view of the fact that the great majority of the creditors of the bankrupt, with knowledge of the matter, have acquiesced in the arrangements by which the receiver was compensated for its services (as receiver and liquidating agent) by its qualified use of the funds, and also by reason of our failure to discern any act or

failure to act on the part of the receiver in the premises, which is a proper subject of criticism, we are of opinion that the possibility of surcharge of the accountant is too remote for consideration, and that therefore it should not be harassed by an order which would require it to attempt the proration mentioned above.

The essential facts of the matter under consideration are parallel to those in Haddock v. Plymouth Coal Co., 237 Pa. 37, 85 A. 23, in which case the Pennsylvania Supreme Court, opinion by Mr. Justice Brown, held that a trust company which acted as a receiver in equity, should not be surcharged with interest upon receivership funds deposited in its own bank, subject to check, when the deposit was made in good faith and the creditors of the administered estate had knowledge of the deposit.

[3] The third exception is based upon the fact that a formal inventory of the bankrupt estate was not filed by the receiver. While it doubtless would be a desirable practice for a receiver in bankruptcy to file an inventory, the Bankruptcy Act does not directly require it.

Section 70 (Comp. St. § 9654), which relates chiefly to duties of the trustee, does require an appraisal of the real and personal property of the bankrupt, but no such duty is placed upon the receiver. However, the question is more or less academical, as the receiver herein did, prior to the composition, file what it termed a "report," but which is, to all intents and purposes, an inventory, but not an appraisal. In conjunction with this report, and the answer filed by accountant in response to the exceptions, which supplements the account, a creditor could intelligently pass upon the correctness of the account. There is no claim that the receiver has not accounted for all assets actually received by it.

The fourth exception is: "The account should show the respective amounts of all loans for payment of which accountant claims credit in divers amounts."

This ground for criticism of the account was removed by the receiver when it filed an answer to the exceptions of Thomas R. Purman & Co. No further exceptions, based upon credits for amounts paid upon loans of the bankrupt to protect collateral, have been filed; nor was the exception urged upon the argument relative to the exceptions.

We are of the opinion that all the exceptions should be dismissed, and the account of the receiver confirmed absolutely. An order to that effect will be drawn.