**In re Lawrence J. GROSS, Esq.**

**Docket 83–8032.**

United States Court of Appeals, Second Circuit.

March 30, 1983.

---

**FEINBERG, Chief Judge:**

Lawrence J. Gross, Esq., seeks to appeal from an order of the United States District Court for the Eastern District of New York, Jacob Mishler, J., to me in my capacity as chief judge of the United States Court of Appeals for the Second Circuit. The order under attack denies Gross compensation in excess of the statutory maximum provided for in the Criminal Justice Act (the Act).[1] For reasons stated below, the appeal is dismissed. However, the issues raised are apparently matters of first impression in administration of the Act in this circuit. For that reason, I am publishing this order as a written opinion.

### I.

This attempted appeal comes to me in an unusual procedural setting. Since the district judge did not approve excess payment, the voucher in this case is not before me.

Thus, the relevant facts are taken primarily from enclosures in the letter to me from Mr. Gross. Judge Mishler appointed Gross under the Act to represent Alfonso Covington in a habeas corpus proceeding. Gross apparently submitted a claim of $712.00 to Judge Mishler under the Act. By order dated August 30, 1982, the judge awarded $250.00, but declined to certify a waiver of this maximum amount since "[t]he representation was not extended, nor were the issues complex." Thereafter, Gross wrote the judge for help in obtaining "fair compensation," stating that Gross had "spent a tremendous amount of time on the proceeding including obtaining records, investigation and a lengthy brief." The judge replied by letter that the payment had been reduced for the reason stated in his order and that if Gross was still dissatisfied with the order, he could appeal to the chief judge of this circuit.

In November 1982, Gross wrote Judge Mishler requesting reconsideration. While Gross conceded that the issues in the habeas petition were not complex, he claimed that the representation was extended and that the case had required a supplementary affidavit on the merits of the petition, which was prepared at the court's request. By letter, the judge again declined to certify excess payment since "the proceeding was not complex and the hours ... spent were not necessary to prosecute [the habeas] petition."

In January 1983, Gross brought the "appeal" now before me from Judge Mishler's decision not to waive the maximum amount provided for in the Act. Gross argues that, contrary to the district judge's conclusion, the amount of time was necessary and in support points to various tasks undertaken in furtherance of the petition. However, it must be determined at the outset whether the chief judge of a circuit has any authority to review denial of excess payment under the Act or to authorize excess payment where none has been certified below.

---

1. Pub.L. No. 88–455, 78 Stat. 552 (1964), as amended, 18 U.S.C. § 3006A (1976).

## II.

The relevant portions of the Act, which are reproduced in the margin,[2] provide maximum rates for "in court" time of $30 per hour and for "out of court" time of $20 per hour. 18 U.S.C. § 3006A(d)(1). The Act also fixes a maximum amount of $250 for representation in connection with post-trial motions including habeas petitions. 18 U.S.C. § 3006A(d)(2). However, the maximum amount may be waived for "extended or complex representation," provided that the court in which the representation was rendered certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit. 18 U.S.C. § 3006A(d)(3). Thus, the Act requires a two-stage process involving two judicial officers with distinct functions—the district judge certifies the appropriate amount of excess compensation, if any, and the chief judge of the circuit must then approve it. There is no provision in the Act for appeal to the chief judge from a district court denial of excess compensation.

While the legislative history of the Act is not explicit on the question whether an appeal lies in this situation to the chief judge of the circuit, the Senate Report on the 1970 amendments to the Act suggests that the chief judge's authority is limited to "approval" (and, by implication, disapproval) of excess compensation. S.Rep. No. 91–790, 91st Cong., 2d Sess. 7 (1970). Such appears to have been the practice of chief judges prior to the 1970 amendments to the Act, see Amendments to the Criminal Justice Act of 1964: Hearings on S–1461 before the Subcomm. on Constitutional Rights of the Senate Comm. on Judiciary, 91st Cong., 1st Sess. 224–25 (Statement of Hon. William H. Hastie, Chief Judge, United States Court of Appeals for the Third Circuit). And there is no indication in the legislative history that the Act or its subsequent amendments permit appeals to circuit chief judges of a denial of excess compensation. In addition, the guidelines of the Administrative Office of the United States Courts on the Criminal Justice Act also suggest a two-step process, with each step separate and necessary, i.e., certification by the district court or magistrate and approval thereafter by the chief judge of the Court of Appeals. See Guide to Judiciary Policies and Procedures: Appointment of Counsel in Criminal Cases § 2.22(B)(1) at 11–12 (1980).

---

2. 18 U.S.C. § 3006A(d) reads as follows:

(d) Payment for representation.—

(1) Hourly rate.—Any attorney appointed pursuant to this section or a bar association or legal aid agency or community defender organization which has provided the appointed attorney shall, at the conclusion of the representation or any segment thereof, be compensated at a rate not exceeding $30 per hour for time expended in court or before a United States magistrate and $20 per hour for time reasonably expended out of court, or such other hourly rate, fixed by the Judicial Council of the Circuit, not to exceed the minimum hourly scale established by a bar association for similar services rendered in the district. Such attorney shall be reimbursed for expenses reasonably incurred, including the costs of transcripts authorized by the United States magistrate or the court.

(2) Maximum amounts.—For representation of a defendant before the United States magistrate or the district court, or both, the compensation to be paid to an attorney or to a bar association or legal aid agency or community defender organization shall not exceed $1,000 for each attorney in a case in which one or more felonies are charged, and $400 for each attorney in a case in which only misdemeanors are charged. For representation of a defendant in an appellate court, the compensation to be paid to an attorney or to a bar association or legal aid agency or community defender organization shall not exceed $1,000 for each attorney in each court. For representation in connection with a post-trial motion made after the entry of judgment or in a probation revocation proceeding or for representation provided under subsection (g) the compensation shall not exceed $250 for each attorney in each proceeding in each court.

(3) Waiving maximum amounts.—Payment in excess of any maximum amount provided in paragraph (2) of this subsection may be made for extended or complex representation whenever the court in which the representation was rendered, or the United States magistrate if the representation was furnished exclusively before him, certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit.

The issues of whether an attorney may appeal from a denial of excess compensation to the chief judge and whether the chief judge may grant excess compensation absent district court certification of such payment are apparently questions of first impression in this circuit. However, in at least one other circuit the chief judge has decided that he has no power to grant excess compensation in this situation. In *United States v. Johnson,* No. 80–248 (D.C. Cir. August 24, 1982), Chief Judge Robinson had before him an order of the district court granting excess payment of $7,500 but declining to certify the full $9,249.35 sought. Chief Judge Robinson held that his "approval authority . . . is confined to the amount of excess compensation certified by the District Judge." Id. at 6 (footnote omitted). In reaching this conclusion, Chief Judge Robinson reasoned that the initiating court and the chief judge have distinct functions in the process—the former has exclusive authority to certify that a particular sum is necessary to achieve fair remuneration; the latter determines whether approval is warranted. See id. at 4–5. Moreover, the two tasks of certification and approval are "mutually exclusive. . . . The certifying judge has no role in approval, nor the Chief Judge in certification. . . . The amount of excess compensation certified as necessary to provide fair compensation operates as the upper limit of [the Chief Judge's] approval." Id. at 5 (footnotes omitted). See also *United States v. Lynch,* 690 F.2d 213, 215 (D.C.Cir.1982) (Robinson, Ch.J.); *United States v. Thompson,* 361 F.Supp. 879, 886 (D.D.C.1973) (Bazelon, Ch. J.).[3] At least two other circuits have indicated agreement with this result. See *Matter of Baker,* 693 F.2d 925, 926 (9th Cir. 1982); *United States v. D'Andrea,* 612 F.2d 1386, 1388 (7th Cir.1980).

In light of the Act, its legislative history and the relevant case law, I am persuaded that the chief judge of a circuit has no power to entertain an appeal from a denial of certification of excess payment by the court in which the representation is rendered or to award compensation in an amount more than that certified by that court. This does not mean that the chief judge of a circuit is not empowered to *reduce* the amount certified, since the power to disapprove completely in this context includes the power to disapprove in part. In this respect, "[t]he Act clearly envisions that the Chief Judge will act as overseer . . . . Authority to reduce a certified award of excess compensation is evident in this scheme." *United States v. Johnson,* supra, at 6 n. 24 (citations omitted); cf. also *United States v. D'Andrea,* supra, 612 F.2d at 1387–88.

Gross argues in his letter to me that his hourly rate of compensation on this case works out to $8.25 an hour, and that this is much too low. Of course, this does not take into account the finding of the district judge that not all the hours so spent were necessary. Nevertheless, it is worth noting that the present hourly rates under the Act for even routine cases are inadequate. It is unfortunate that various recommendations designed to increase to more realistic levels the hourly rates and maximum compensation allowed under the Act[4] have not yet been adopted, but that remedy must come from Congress.

In light of the above, I find that the chief judge of the circuit is without power to review a denial of certification of excess payment under the Act or to authorize excess payment where none has been certified below, and I dismiss the appeal.

---

**3.** Vacated in part, affirmed in part without opinion, 489 F.2d 1273 (D.C.Cir.1974), overruled on other grounds, *United States v. Hunter,* 394 F.Supp. 997, 1001 (D.D.C.1975) (Bazelon, Ch.J.).

**4.** See, e.g., Administrative Office of the United States Courts, Reports of the Proceedings of Judicial Conference of the United States: March 12–13, 1981, at 47 (1981); Administrative Office of the United States Courts, Reports of the Proceedings of the Judicial Conference of the United States: September 24–25, 1980, at 102–03 (1980).