**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Danilo RODRIGUEZ,**
**Defendant–Appellant.**

**No. 87–3268.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 16, 1987.

James K. Freeland, Orlando, Fla., Delmira Guzman Bellmas, Miami, Fla., for defendant-appellant.

Garry Stegeland, Asst. U.S. Atty., Orlando, Fla., for plaintiff-appellee.

Before KRAVITCH, ANDERSON and EDMONDSON, Circuit Judges.

---

PER CURIAM:

In December of 1986, Danilo Rodriguez was acquitted in federal court of charges that he conspired to possess and distribute marijuana. His court-appointed attorney, James K. Freeland, applied to the district court for an award of attorneys' fees pursuant to the Criminal Justice Act (the "Act"), 18 U.S.C. § 3006A(d) (1985). Although Freeland had requested compensation in the amount of $3,850.00, the judge awarded fees only in the amount of $2,000.00.[1] Freeland now seeks appellate review of the district judge's failure to certify a fee award in the amount requested. We conclude, however, that the fee determination was simply an administrative action on the part of the judge, rather than a decision of a judicial character, and thus does not constitute a "final decision" necessary to give us jurisdiction under 28 U.S.C. § 1291 (1987). Accordingly, the appeal is dismissed.

The appealability of an award of attorneys' fees pursuant to section 3006A(d) is a question of first impression in this circuit. Although this circuit has not heretofore squarely confronted the issue,[2] other circuits which have considered the issue have determined that such awards are not appealable. The Ninth Circuit, after noting that it had previously entertained such an appeal in which the question of jurisdiction had not been raised and had simply been assumed, held that the prior case was not binding precedent and that such fee awards are not appealable. *United States v. Walton (In re Baker)*, 693 F.2d 925 (9th Cir. 1982). The Seventh Circuit reached the same conclusion in *United States v. Smith*, 633 F.2d 739 (7th Cir.1980), *cert. denied, Rogers v. Gordon*, 451 U.S. 970, 101 S.Ct. 2047, 68 L.Ed.2d 349 (1981). Similarly, but in a lightly different context, the Second Circuit has stated that determination of attorneys' fees under the Act is an administrative rather than a judicial act, citing *In re Baker*. *United States v. Melendez–Carrion*, 811 F.2d 780 (2d Cir.1987) (holding that appeal from a fee determination of one circuit judge may be made to the panel that heard the appeal, although full review of the fee by the chief judge alone or by the court sitting in banc would be inappropriate).

Other circuits, however, have allowed appeals under the Act, but the question of jurisdiction had not been raised. *United States v. Turner*, 584 F.2d 1389 (8th Cir. 1978); *United States v. Ketcham*, 420 F.2d 901 (4th Cir.1969) (reversing denial of expenses under the Act). And the Sixth Circuit has declined to decide the appealability of fee awards, determining instead that defendants should first have made their objections to the district judge. Only after a reasonably opportunity for reconsideration by the district judge would the circuit court consider whether an award determination was appealable. *United States v. McCullah*, 745 F.2d 350 (6th Cir.1984).

■ We agree with the Seventh and Ninth Circuits that fee determinations under the Criminal Justice Act are not appealable. The Act itself makes no provision for appeal of such determinations. Rather, the Act confers upon the presiding judge or magistrate the discretion to set the amount of compensation so long as it is under the

1. Prior to its amendment on November 14, 1986, the Act provided that the maximum fee available to an appointed attorney in a felony case was $2,000.00. This maximum could be increased in the case of "extended or complex representation" if the judge or magistrate certified "that the amount of the excess payment is necessary to provide fair compensation" and if the chief judge of the circuit approved the excess payment. 18 U.S.C. § 3006A(d)(3) (1985). The 1986 amendment raised the maximum compensation for representation in a felony case to $3,500.00. The parties below apparently assumed the $2,000.00 maximum fee was still in

effect. The outcome of this appeal, however, is the same regardless of which maximum fee level was in effect.

2. In *United States v. Sullivan*, 456 F.2d 1273 (5th Cir.1972) and *United States v. Todd*, 475 F.2d 757 (5th Cir.1973), the Court refused to consider an appeal of the adequacy of a section 3006A fee award when brought together with an appeal on the merits, but declined to decide whether such fee awards could ever be appealed.

statutory maximum. The maximum fee limit may be waived, however, "for extended or complex representation whenever the court in which the representation was rendered ... certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit." 18 U.S.C.A. § 3006A(d)(3) (West Supp.1987). The approval provision, as interpreted by other courts, is not the equivalent of complete judicial review; it simply provides that the excess payment must be approved by the circuit's chief judge. *See In re Gross,* 704 F.2d 670 (2d Cir.1983); *United States v. Johnson,* 549 F.Supp. 78 (D.D.C.1982) (Opinion of C.J. Robinson of the D.C. Circuit on motion to certify excess compensation).

▮ The judge's determination of the proper compensation for an appointed attorney is made in an administrative setting rather than in an adversarial posture. Unlike an award of attorneys' fees in favor of the prevailing party over the losing party in certain types of civil litigation, an award of fees under the Criminal Justice Act is not dependent upon the outcome of the case. Rather, the Act merely requires that each appointed attorney submit a claim for compensation and reimbursement "supported by a sworn written statement specifying the time expended, services rendered, and expenses incurred...." 18 U.S.C. § 3006A(d)(4). Moreover, the United States receives no notice that a fee determination will be made by the judge, and no adversary hearing on the issue is required by the Act.

The procedures for payment of appointed attorneys under the Criminal Justice Act indicate that the fee determination is an administrative, rather than a judicial, task of the district judge. Accordingly, the fee determination does not constitute a "final order" necessary under 28 U.S.C. § 1291 to give us jurisdiction over the matter. The appeal is DISMISSED.