**Vincent James LANDANO, Appellant,**

v.

**John J. RAFFERTY, Superintendent, Rahway State Prison,**

**and**

**Irwin I. Kimmelman, Attorney General of the State of New Jersey.**

**No. 88–5304.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Sept. 27, 1988.

Decided Oct. 17, 1988.

See also, D.C., 670 F.Supp. 570.

Neil Mullin, Smith, Mullin & Kiernan, P.C., West Orange, N.J., for appellant.

W. Cary Edwards, Atty. Gen. of N.J., Leslie F. Schwartz, Deputy Atty. Gen., Div. of Crim. Justice, Appellate Section, Trenton, N.J., for appellees.

Before GIBBONS, Chief Judge, SEITZ, Circuit Judge, and POLLAK, District Judge [*].

### OPINION OF THE COURT

PER CURIAM.

Petitioner Landano, a state-convicted prisoner, instituted a habeas corpus action in the district court. This is an appeal from an order of the district court dated April 5, 1988, refusing to appoint petitioner's counsel retroactively and also denying a request for a waiver of the maximum amounts allowable under the Criminal Justice Act. 18 U.S.C. § 3006A(b) and (d)(3) (1982 & Supp. IV 1986). This appeal followed the denial of the habeas corpus petition.

Although this appeal is taken by the habeas corpus petitioner, it is for the benefit of his counsel and we shall therefore refer to "counsel" rather than the "petitioner." [1]

---

[*] The Honorable Louis H. Pollak, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. The respondents to the habeas corpus petition resist counsel's appeal. Their standing to do so is even weaker than a federal respondent because the federal government pays the fee under the Criminal Justice Act. However, in view of our disposition of this appeal we need not address this matter further.

The critical threshold issue is whether the order denying counsel's request for retroactive appointment and waiver of the maximum allowable fee under the Criminal Justice Act is appealable under 28 U.S.C. § 1291.

Since there is nothing in the wording of the Act or its legislative history that speaks to this issue,[2] we turn to an analysis of the statutory scheme to determine whether determinations such as those here sought to be reviewed are "final decisions" within the meaning of that phrase in section 1291.

The statutory scheme provides for a judicial appointment of counsel in certain legal proceedings when it is determined that a party is financially unable to obtain representation. It does not provide for governmental involvement in the appointing process, federal or state, by way of notice or otherwise. This may be so because of the government's adversary status as to the merits of the litigation. Furthermore, counsel is entitled to compensation regardless of the outcome of the proceedings.

Against this general background, we turn to the two rulings under attack, viz., the refusal to make the appointment retroactive and the refusal to waive the maximum allowable fee. Both rulings ultimately implicate the amount of compensation to be allowed counsel by the district judge. They thus involve only the provisions of the Act governing counsel compensation. So viewed, a district court decision determining the amount of such compensation is essentially administrative in nature. So understood, we are satisfied that the order implementing the rulings here was not a final decision within the meaning of section 1291.

Our conclusion is buttressed by rulings of several courts of appeals that have decided that an order of a district judge denying excess compensation is not appealable. *U.S. v. Rodriguez*, 833 F.2d 1536 (11th Cir.1987); *Matter of Baker*, 693 F.2d 925 (9th Cir.1982); *U.S. v. Smith*, 633 F.2d 739 (7th Cir.1980). Additionally, we are satisfied that, by parity of reasoning, the same conclusion applies to the order denying retroactive appointment.

We are not called upon to decide whether, under exceptional circumstances not presented here, an order of a district judge relating to compensation of appointed counsel might be reviewable on writ of mandamus. Nor are we called upon to decide whether an appeal or a writ of mandamus would ever be an available remedy in connection with other rulings by a district judge under the Criminal Justice Act.

This appeal will be dismissed.

---

**2.** The provision for limited review by the Chief Judge of the Circuit of vouchers approved by a district judge may be read to exclude by negative implication other forms of review of district judge action.