**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Steven Thomas DELUCA, also known as Dean Allan Spies and Brian David Wenndt, Defendant.**

**Appeal of Robert CANADA.**

**No. 89–2595.**

United States Court of Appeals,
Seventh Circuit.

Submitted July 31, 1990.*

Decided Sept. 4, 1990.

Rodger A. Heaton, Asst. U.S. Atty., Office of U.S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Robert Canada, Robert J. Tornatta, Evansville, Ind., for defendant.

Robert Canada, Evansville, Ind., pro se.

Before COFFEY and FLAUM, Circuit Judges, and PELL, Senior Circuit Judge.

PELL, Senior Circuit Judge.

This is an appeal from an order of the district court dated June 29, 1989, refusing to appoint the defendant's counsel retroactively under the Criminal Justice Act. 18 U.S.C. § 3006A(b). The critical threshold issue is whether the order denying counsel's request for retroactive appointment under the Criminal Justice Act is appealable under 28 U.S.C. § 1291. Because nothing in the wording of the Act or its legislative history speaks to this issue, we look to the statutory scheme to determine whether determinations such as this are "final decisions" within the meaning of section 1291.

The district court appoints counsel in certain legal proceedings after determining that a party is financially unable to obtain representation. The court has discretion to determine whether the appointment should be retroactive. Section 3006A(b). Court-appointed counsel later files a claim in the form of a sworn written statement, and the district court is authorized, without any additional procedural requirements, to "fix the compensation and reimbursement to be paid." Section 3006A(d)(4). The statute does not provide for governmental involvement in this process. The non-adversarial procedures established for rejecting a claim

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R. App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record.

of retroactive appointment convince us that the district judge's certification of attorneys' fees in such a case is an administrative act and is consequently not one of the final decisions rendered appealable by Section 1291. *Landano v. Rafferty*, 859 F.2d 301, 302 (3rd Cir.1988), *cert. denied,* 489 U.S. 1014, 109 S.Ct. 1127, 103 L.Ed.2d 189 (1989). We have no case in this Circuit directly on point, but we approve of the *Landano* approach. This conclusion is supported by the rulings of several courts of appeals, including this court, which have held that an order of a district judge denying excess compensation is not appealable. *Id.; United States v. Rodriguez,* 833 F.2d 1536, 1537 (11th Cir.1987); *Matter of Baker,* 693 F.2d 925, 927 (9th Cir.1982); *United States v. Smith,* 633 F.2d 739, 740 (7th Cir.1980), *cert. denied,* 451 U.S. 970, 101 S.Ct. 2047, 68 L.Ed.2d 349 (1981).

This appeal is

DISMISSED.