UNITED STATES of America, Appellee,

v.

Robert A. BLOOMER, JR.,
Defendant–Appellant.

Docket No. 97–1419.

United States Court of Appeals,
Second Circuit.

Submitted May 13, 1998.

Decided July 13, 1998.

Robert A. Bloomer, pro se, Fort Dix, NJ for Defendant–Appellant.

Carol L. Shea, Assistant United States Attorney for the State of Vermont, (Charles R. Tetzlaff, United States Attorney for the State of Vermont, Helen M. Toor, Chief, Civil Division, of counsel, Burlington, VT) for Appellee.

Before: FEINBERG, WALKER, Circuit Judges, and SHADUR, District Judge.*

PER CURIAM:

Appellant Robert Bloomer, *pro se,* and incarcerated, appeals from three orders of the United States District Court for the District of Vermont (J. Garvan Murtha, *Chief District Judge* ), denying his post-conviction motions: for payment of expert fees for an expert's testimony at his resentencing hearing, pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A(e); for leave to proceed *in forma pauperis,* so that Bloomer could apply for the expert fees under the CJA; and for recusal of certain judges pursuant to 28 U.S.C. § 455.

In 1992, Bloomer was convicted, following a jury trial, of six counts of various offenses related to the manufacture and distribution of methamphetamine. On appeal, this court affirmed Bloomer's conviction, but remanded the case for resentencing because the district

* The Honorable Milton I. Shadur, of the United States District Court for the Northern District of Illinois, sitting by designation.

court had erred in calculating the sentence. *See United States v. Spencer,* 4 F.3d 115, 123 (2d Cir.1993). In January 1994, the district court resentenced Bloomer to 188 months' imprisonment. Subsequently, we affirmed Bloomer's new sentence. *See United States v. Bloomer,* 43 F.3d 1457 (2d Cir.1994).

Bloomer's trial counsel, who had been retained by Bloomer to represent him in the district court, also represented him in both of his appeals in this court, where he was paid pursuant to the Criminal Justice Act ("CJA"). When the case was remanded for resentencing to the district court, however, Bloomer did not move for CJA representation or *in forma pauperis* status.

Bloomer retained Dr. Edward Brown to testify on his behalf at his resentencing hearing. Over three years later, after learning that his counsel had failed to pay Brown, Bloomer moved the district court for retroactive payment of expert fees under the CJA; for *in forma pauperis* status so that he would qualify for the CJA payment to Brown; and for the recusal of certain federal judges, including the judge who presided over both of his sentencing hearings, from ruling on his motion for expert fees. The district court denied these motions in three separate orders.

### Discussion

■ This appeal requires us to decide an issue of first impression for this circuit: whether fee determinations for services previously rendered under § 3006A are appealable final orders. Although we have not decided the issue, both the Third and the Seventh Circuits have held that orders denying requests for retroactive appointment of counsel are not appealable under 28 U.S.C. § 1291. *See United States v. Deluca,* 912 F.2d 183, 183–84 (7th Cir.1990); *Landano v. Rafferty,* 859 F.2d 301, 302 (3d Cir.1988) (per curiam). A number of circuits have concluded that § 3006A(d) orders concerning the appropriateness of an attorney's fee award are not final orders under § 1291 and thus are not appealable. *See United States v. Stone,* 53 F.3d 141, 143 (6th Cir.1995); *Shearin v. United States,* 992 F.2d 1195, 1196 (C.A.Fed.1993); *United States v. Davis,* 953

F.2d 1482, 1498 n. 21 (10th Cir.1992); *United States v. Rodriguez,* 833 F.2d 1536, 1537 (11th Cir.1987) (per curiam); *United States v. Walton (In re Baker),* 693 F.2d 925, 926 (9th Cir.1982); *United States v. Smith,* 633 F.2d 739, 742 (7th Cir.1980); *but see United States v. Turner,* 584 F.2d 1389 (8th Cir. 1978) (ruling on the merits without addressing jurisdiction). We now hold that orders concerning fee determinations for services already rendered under § 3006A are not appealable orders under § 1291 and conclude that this court lacks jurisdiction to review the order denying Bloomer's request for a retroactive expert fee payment.

■ First, fee determinations concerning services already rendered are administrative, rather than judicial, determinations. *See United States v. Melendez–Carrion,* 811 F.2d 780, 781 (2d Cir.1987) (decision by chief judge to reduce compensation for legal services was an administrative, rather than judicial act). Section 3006A does not provide for governmental involvement in the appointment of an expert, by way of notice or otherwise; applications for appointment of an expert are *ex parte* and nonadversarial. We conclude that we do not have jurisdiction over these fee determinations because purely administrative decisions of the district court are not appealable final orders. *See also Stone,* 53 F.3d at 143; *Shearin,* 992 F.2d at 1196–97; *Rodriguez,* 833 F.2d at 1537.

Second, the CJA does not explicitly provide for appellate review of fee determinations. The CJA provides that counsel for an indigent defendant may request expert services in an *ex parte* application and magistrate judges and district judges have the discretion to rule on these applications to determine if the experts' services are necessary, *see* 18 U.S.C. § 3006A(e)(1), with only minimal review by the chief judge of the circuit when a judge or magistrate permits a payment exceeding the maximum statutory amount, *see* 18 U.S.C. § 3006A(e)(3). Therefore, this court's jurisdiction is limited to the chief judge's review for excessiveness of expert payments that have already been granted by the district court. *Cf. In re Gross,* 704 F.2d 670, 672–73 (2d Cir.1983) ("the chief judge of the circuit is without power to re-

view a denial of certification of excess payment [of attorneys' fees] under the [CJA] or to authorize excess payment where none has been certified below").

Finally, the legislative history of the CJA supports the conclusion that §§ 3006A(d) and 3006A(e) awards are not final orders reviewable by this court. Congress granted the chief judge of this court jurisdiction in § 3006A to approve payments in excess of the statutory maximum; it was silent as to the review of any other determination under § 3006A. *See Gross,* 704 F.2d at 672 ("the Senate Report on the 1970 amendments to the Act suggests that the chief judge's authority is limited to 'approval' (and, by implication, disapproval) of excess compensation.").

▮ We note that our holding does not preclude appellate review of § 3006A determinations that impact a defendant's trial, sentence, or collateral challenge to a conviction or sentence. *See, e.g., United States v. Smith,* 987 F.2d 888, 890–92 (2d Cir.1993) (district court erred in failing to appoint psychiatrist under § 3006A(e)); *United States v. Durant,* 545 F.2d 823, 829 (2d Cir.1976) (reversing criminal conviction because district court failed to grant defense request for appointment of expert under CJA); *see also United States v. Labansat,* 94 F.3d 527, 529–30 (9th Cir.1996) (reviewing denial of § 3006A(e)(1) motion on ground that lack of expert deprived defendant of effective assistance of counsel), *cert. denied,* —— U.S. ——, 117 S.Ct. 1013, 136 L.Ed.2d 890 (1997).

▮ Bloomer was not deprived of Dr. Brown's assistance and his payment request under § 3006A(e) was for services Dr. Brown had already rendered. Accordingly, the appeal from the order denying the § 3006A(e) motion is dismissed for lack of jurisdiction. We also affirm the district court's denial of the motion for leave to proceed *in forma pauperis.* Finally, we find the post-judgment recusal motion to be an appealable final order, *see, e.g., United States v. Yonkers Bd. Of Educ.,* 946 F.2d 180, 183 (2d Cir.1991), and we affirm the district court's denial of Bloomer's recusal motion, pursuant to 28 U.S.C. § 455(b)(1), because Bloomer has

failed to show any bias or partiality by the judges that he sought to recuse.

Dismissed in part; affirmed in part.