21-2550
Abdelwahab v. Searls

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of August, two thousand twenty-three.

PRESENT:  RAYMOND J. LOHIER, JR.,
          STEVEN J. MENASHI,
          BETH ROBINSON,
                  *Circuit Judges*.

-----------------------------------------------------------------

MOHAMED A. ABDELWAHAB,

      *Petitioner-Appellant*,

    v.                                                     No. 21-2550

JEFFREY SEARLS, FACILITY DIRECTOR
BUFFALO FEDERAL DETENTION CENTER,

      *Respondent-Appellee*,

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL, ALEJANDRO N.
MAYORKAS, SECRETARY OF THE

1

DEPARTMENT OF HOMELAND SECURITY,
THOMAS J. FEELY, FIELD OFFICE DIRECTOR
FOR DETENTION REMOVAL, MICHAEL BALL,
SDDO,

          *Respondents.*

-----------------------------------------------------------------

FOR PETITIONER-APPELLANT:        DANIEL EDWARD
                                              JACKSON, Corfu, NY

Appeal from an order of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED.

Although this matter before us purports to be an appeal by Mohamed Abdelwahab, it is in fact an appeal by an attorney, Daniel Jackson, who challenges a September 9, 2021 order of the United States District Court for the Western District of New York (Geraci, J.), denying a motion to retroactively appoint Jackson under the Criminal Justice Act of 1964 (CJA), 18 U.S.C. § 3006A(a)(2)(B), to represent Abdelwahab in his habeas proceeding.  We assume familiarity with the underlying facts and record of prior proceedings, to which we refer only as necessary to explain our decision to dismiss the appeal.

## I. Background

Abdelwahab, a citizen of Egypt, was arrested in 2020 by Immigration and Customs Enforcement agents following a domestic violence incident and was subsequently represented by an attorney (not Jackson) in the ensuing immigration proceedings. In January 2021 Abdelwahab, detained and proceeding pro se, petitioned for a federal writ of habeas corpus. The District Court granted the writ on June 22, 2021, and ordered the Government to provide Abdelwahab a bond hearing within fourteen days. See Abdelwahab v. Barr, No. 21-cv-6072 (FPG), 2021 WL 2550820, at *4 (W.D.N.Y. June 22, 2021). The Government moved for reconsideration. In response, the District Court stayed the bond hearing requirement and granted Abdelwahab until July 9, 2021 to respond to the motion. According to Jackson, Abdelwahab's immigration attorney contacted Jackson on July 6 for advice about how to proceed in federal court. Acting on Abdelwahab's behalf and with his consent, but before formally seeking or receiving an appointment under the CJA, Jackson drafted a brief in opposition to the Government's motion for reconsideration. It was only on the following day, July 8, that Jackson moved for appointment as CJA counsel,

retroactive to July 6. Jackson filed his brief on July 9.

In its response a week later, the Government conceded that the basis for its motion for reconsideration no longer existed. Accordingly, on July 22, 2021, the District Court denied the motion and ordered the Government to schedule a bond hearing by July 29. The District Court also denied Jackson's motion to be assigned as Abdelwahab's counsel under the CJA, finding that appointment would not benefit Abdelwahab, who had "already obtained relief" based on the Government's concession rather than Jackson's work. Dist. Ct. Dkt. No. 23, at 3. The bond hearing was held on July 27 and Abdelwahab was ordered released. On August 23 the Government filed a notice of appeal from the District Court's grant of the habeas corpus writ. See Abdelwahab v. Barr, No. 21-2038 (2d Cir.) (withdrawn Jan. 25, 2022).

On August 26, 2021, Jackson, acting on Abdelwahab's behalf, asked the District Court to reconsider his motion for appointment and sought again to be appointed as counsel under the CJA retroactive to July 6, 2021. In the alternative, Jackson requested appointment as of August 23, 2021 to work on the appeal. The District Court denied the motion, again concluding that retroactive appointment was not warranted because Abdelwahab "had already succeeded on the merits

4

of his petition before Attorney Jackson entered the litigation" and the reconsideration motion itself was "ultimately resolved by [the Government's] concession rather than hard-fought motion practice." Dist. Ct. Dkt. No. 31, at 2.[1]

**II. Discussion**

Before us is the appeal from the denial of the renewed motion for appointment of counsel. There is no question that the District Court had the authority to appoint Jackson as CJA counsel in Abdelwahab's habeas proceeding. The CJA provides that where "the interests of justice so require, representation _may_ be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2) (emphasis added). Likewise, the Judicial Conference Guide to Judiciary Policy recognizes that "[t]he CJA . . . permits _discretionary_ appointment at any stage of the proceedings in the interest of justice," including in connection with habeas petitions. II Admin. Office of U.S. Courts, Guide to Judiciary Policies and Procedures ("Judiciary Policy") § 220.45 (2022) ("Appointment of Counsel in Habeas Corpus and Proceedings Under 28 U.S.C. § 2255") (emphasis added).

---

[1] As the District Court observed, the Second Circuit's CJA Plan directs to the Court of Appeals Abdelwahab's request for appointment of counsel to assist with his appeal. Abdelwahab has not moved for CJA appointment for the appeal in this Court.

But we must first determine whether we have appellate jurisdiction to consider the merits of the District Court's order.  See Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010); Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006).  Jackson asserts that we have jurisdiction under 28 U.S.C. § 1291 because the order denying the renewed motion for appointment was "a final decision of the district court." Appellant's Supp. Br. 4.

Section 1291 confers appellate jurisdiction over "appeals from all final decisions of the district courts of the United States."  28 U.S.C. § 1291.  Our jurisdiction under section 1291, however, extends only to "decisions made by a district court in a judicial capacity."  Ayestas v. Davis, 138 S. Ct. 1080, 1089 (2018).  "[N]ot all decisions made by a federal court are judicial in nature; some decisions are properly understood to be administrative, and in that case they are not subject to our review."  Id. (quotation marks omitted).

We conclude that we do not have appellate jurisdiction to review the denial of a motion seeking retroactive appointment of counsel under the CJA because such an order[2] is administrative rather than judicial in nature.  Cf. In re

---

[2] This does not mean that CJA attorneys have no recourse when their fees are improperly cut.  The Judicial Conference's Model Plan for Implementation and Administration of the Criminal Justice Act (the "Model Plan") requires almost every

Gross, 704 F.2d 670, 673 (2d Cir. 1983); United States v. Melendez-Carrion, 811 F.2d 780, 781 (2d Cir. 1987); Landano v. Rafferty, 859 F.2d 301, 302 (3d Cir. 1988); United States v. Deluca, 912 F.2d 183, 183 (7th Cir. 1990). Our analysis of appellate jurisdiction is limited to the denial of an application for retroactive appointment of counsel for services already rendered in non-criminal proceedings.

Our conclusion aligns with prior decisions on this issue. For example, we held in a summary order that "we lack appellate jurisdiction" to consider the appeal of an order denying appointment of CJA counsel in a habeas proceeding. United States v. Yousef, No. 04-0381, slip op. at 2 (2d Cir. Aug. 25, 2004) (unpublished summary order); see also United States v. Yousef, 395 F.3d 76, 77 (2d Cir. 2005) (explaining that "we dismissed for want of jurisdiction . . . Yousef's claim that the [district court] erred in denying his request for, among other things, appointment of counsel under the [CJA]"). We have also held that "orders concerning fee determinations for [expert] services already rendered" are

district to "create an independent review process for panel attorneys who wish to challenge any reductions to vouchers that have been made by the presiding judge." Judiciary Policy, App'x 2A, § XII(C)(1) (2019). The Model Plan thus provides CJA attorneys a means to seek review of adverse administrative decisions involving their compensation.

"administrative, rather than judicial determinations" and "are not appealable orders under § 1291." United States v. Bloomer, 150 F.3d 146, 147–48 (2d Cir. 1998).

We are not persuaded by Jackson's alternative claim that appellate jurisdiction exists in this case under the collateral order doctrine. See Cohen v. Indus. Loan Corp., 337 U.S. 541, 546–47 (1949). It is true that an interlocutory appeal of the "denial of mid-case appointment" under the CJA in a criminal case may constitute a "'final decision' under the collateral order doctrine" because the denial risks significantly undermining a criminal defendant's rights under the Sixth Amendment. United States v. Parker, 439 F.3d 81, 90 n.9 (2d Cir. 2006). And in "exceptional circumstances not presented here, an order of a district judge relating to compensation of appointed counsel might be reviewable on writ of mandamus," even in a non-criminal case. Landano, 859 F.2d at 302. But in this case, the district court denied retroactive appointment and there is no risk to Abdelwahab's rights. Jackson's claim also runs head-long into the Supreme Court's general admonition that "the class of collaterally appealable orders must remain 'narrow and selective in its membership.'" Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 113 (2009). "This admonition has acquired special force

8

in recent years with the enactment of legislation designating rulemaking, not expansion by court decision, as the preferred means for determining whether and when prejudgment orders should be immediately appealable." Id. (quotation marks omitted).

**III. Conclusion**

For the reasons set forth above, the appeal is DISMISSED for lack of appellate jurisdiction.

<div style="margin-left: 40%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>