[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13319

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

STEVEN MICHAEL MARKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:17-cr-00257-PGB-LRH-1

_____

Before GRANT, TJOFLAT, Circuit Judges, and HUFFAKER,[*] District Judge.

PER CURIAM:

In this criminal case, after the defendant, Steven Michael Marks, provided notice of his intent to assert a defense of insanity at the time of the alleged offense, his attorneys, representing that Marks had become indigent, moved the District Court pursuant to *Ake v. Oklahoma*, 470 U.S. 68, 105 S. Ct. 1087 (1985), for funds to hire a mental health expert to assist him in countering the testimony he anticipated the prosecution's mental health expert would present. The District Court denied the motion on the theory that Marks already had a mental health expert, Dr. Lynda Geller, the clinical psychologist retained for the purpose of determining his competency to stand trial.

Marks, invoking our jurisdiction under 28 U.S.C. § 1291, now appeals the District Court's order denying his motion for funds to hire a mental health expert.[1]  He asserts that we have

---

[*] The Honorable R. Austin Huffaker, Jr., United States District Judge for the Middle District of Alabama, sitting by designation.

[1] Marks asks us to order the District Court to provide him with funds pursuant to 18 U.S.C. § 3006A(e)(1) necessary to pay for the services the mental health expert performed prior to the presence of his motion to the District Court. 18 U.S.C. § 3006A(e)(1) states:

> Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application.  Upon finding, after appropriate inquiry in an ex parte proceeding,

21-13319                Opinion of the Court                3

jurisdiction under the collateral order doctrine, *see Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S. Ct. 1221 (1949), representing that the order at issue could not be reviewed in the appeal of an adverse judgment at the conclusion of his criminal case.

Before we entertained oral argument in this appeal, Marks pleaded guilty to a felony alleged in the indictment in this case and was sentenced. With the entry of the final judgment in this case, Marks's appeal became moot. We therefore dismiss this appeal without prejudice.[2]

**SO ORDERED.**

---

that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

[2] Under *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39, 71 S. Ct. 104, 106 (1950), when an appeal becomes moot, we dismiss the appeal and instruct the district court to vacate the decision giving rise to the appeal. In this case, that is not necessary.

21-13319    GRANT, J., Concurring in the Judgment    1

GRANT, Circuit Judge, concurring in the judgment:

The district court denied Steven Marks's motion for funds under the Criminal Justice Act, 18 U.S.C. § 3006A(e), to reimburse his preferred psychiatric expert. The majority holds that we lack jurisdiction over Marks's interlocutory appeal of this order because his subsequent guilty plea and the district court's entry of final judgment render this appeal moot.

I agree that we lack jurisdiction, but for a different reason. The district court granted Marks CJA funds to retain one expert; Marks challenges only the district court's denial of funds for Marks to reimburse the expert of his choice. I would hold that such a fee determination under § 3006A(e) is an administrative, non-judicial order that does not constitute a final appealable order under 28 U.S.C. § 1291. *See United States v. Bloomer*, 150 F.3d 146, 148–49 (2d Cir. 1998); *cf. United States v. Rodriguez*, 833 F.2d 1536, 1537–38 (11th Cir. 1987) (18 U.S.C. § 3006A(d)); *United States v. Griggs*, 240 F.3d 974, 974 (11th Cir. 2001) (18 U.S.C. § 3006A(f)). And because it is only an administrative order, it is also not a judicial interlocutory order subject to the collateral order doctrine. *United States v. Stone*, 53 F.3d 141, 143–44 (6th Cir. 1995); *United States v. French*, 556 F.3d 1091, 1094 (10th Cir. 2009).

The majority would instead characterize Marks's motion as arising under *Ake v. Oklahoma*, 470 U.S. 68 (1985). Maj. Op. at 1 & n.1. *Ake* held that, "when a defendant has made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial, the Constitution requires that a State

2                  GRANT, J., Concurring in the Judgment        21-13319

provide access to a psychiatrist's assistance on this issue if the defendant cannot otherwise afford one." *Ake*, 470 U.S. at 74. But *Ake* guarantees a defendant a right only to *an* expert—not to "a psychiatrist of his personal liking." *Id.* at 83; *accord Gary v. Hall*, 558 F.3d 1229, 1238 n.14 (11th Cir. 2009). Marks's motion for funds to compensate his preferred expert when he already had one thus did not arise under *Ake*, at least in my view.

But even if Marks's motion could be construed as an *Ake* motion, this appeal would still not be moot. In *Ake* itself, the Supreme Court reviewed and reversed a criminal defendant's final conviction. *Ake*, 470 U.S. at 74. Our Circuit also routinely reviews the merits of *Ake* claims from final judgments.[1] *See, e.g.*, *United States v. Brown*, 441 F.3d 1330, 1337, 1365 (11th Cir. 2006); *United States v. Rodriguez*, 799 F.2d 649, 651, 655 (11th Cir. 1986). This includes in the habeas context, where a petitioner's *Ake* claim was reviewed by a state court of appeal from his or her final conviction. *See, e.g.*, *Blanco v. Sec'y, Florida Dep't of Corr.*, 688 F.3d 1211, 1214–20, 1227–30 (11th Cir. 2012); *Hightower v. Schofield*, 365 F.3d 1008, 1011–12, 1014–28 (11th Cir. 2004), *vacated on other grounds*, 545 U.S. 1124 (2005). Therefore, we would lack jurisdiction over this interlocutory appeal because an order denying an *Ake* motion, like a denial of funds to reimburse a preferred expert under § 3006A(e), is not a collateral order. Nor would the subsequent entry of final judgment

---

[1] Marks has also filed a separate appeal from his final judgment. *See* Case No. 23-10463. If Marks had actually made an *Ake* claim below, then he *could* have raised it in his direct appeal.

21-13319      GRANT, J., Concurring in the Judgment                    3

cure our jurisdiction over Marks's premature appeal. *See Robinson v. Tanner*, 798 F.2d 1378, 1385 (11th Cir. 1986) ("A premature notice of appeal filed from an interlocutory order that is not immediately appealable is not cured by a subsequent final judgment.").

Because I agree with the majority that we lack jurisdiction over this interlocutory appeal but on a different ground, I respectfully concur only in the judgment.