**UNITED STATES of America,**
**Appellee,**

v.

**Larry Thomas KETCHEM, Appellant.**

**No. 13503.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 4, 1969.

Decided Dec. 29, 1969.

---

W. Thomas Ray, Charlotte, N. C. (Court-appointed counsel), for appellant.

Joseph R. Cruciani, Asst. U. S. Atty. (Keith S. Snyder, U. S. Atty., on brief), for appellee.

Before SOBELOFF, WINTER and CRAVEN, Circuit Judges.

SOBELOFF, Circuit Judge:

Larry Thomas Ketchem brings this appeal from his conviction for interstate transportation of a stolen motor vehicle knowing it to have been stolen in violation of 18 U.S.C. § 2312.[1] A thirty-month jail sentence was imposed and he has been in jail since February 9, 1969, because of his inability to raise the money needed for his release on bail bond.

On February 8, 1969, Steven Robert Robinson, the equitable owner [2] of a recently acquired 1969 Ford Mustang, and the defendant went riding around Knoxville, Tennessee, meeting various friends, stopping to drink beer, and generally having a high time. Later in the evening, between the hours of 12 midnight and 1:00 A.M., they stopped at a young lady's house.

It is at this point that a conflict in the testimony arises. The appellant's version is that Robinson, his companion, who was by this time quite drunk, indicated a wish to be alone with the young lady. Ketchem, recognizing his friend's cue, asked if he might borrow the car, thus leaving Robinson with the privacy he ardently sought. Upon being granted permission, Ketchem drove away. With this statement of the facts Robinson agrees, except as to two major points.

First, he denies that he was drunk, although the lady testified that he was so drunk he could not stand on his feet and immediately fell asleep on the couch. According to her, he awoke during the night and vomited. He maintains that he did not become ill as a result of drinking, but admits that he fell asleep on the couch and slept till morning.

Secondly, Robinson insists that he never gave anyone permission to take the automobile, and knows only that it was gone when he awoke the next morning. He called his father and told him that the car was missing, and his father called the police and made a report of theft.

Ketchem was apprehended driving the car in Charlotte, North Carolina, which is approximately 225 miles from Knoxville where he came into possession of

1. 18 U.S.C. § 2312, Transportation of Stolen Vehicles:

Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

2. The legal title was in his father's name.

the vehicle. He went there to visit his sick grandmother, and when the officers stopped him he made no attempt to conceal the ownership of the car. The license tags were not changed and he identified himself readily and truthfully to the police in the course of their investigation. When the car was returned to Robinson, it was not damaged.

The appellant assigns three alleged errors to the trial in the District Court, (1) that the judge's charge to the jury concerning the intent necessary to violate the statute was incorrect, (2) that the judge unduly restricted defense counsel's cross-examination of the principal Government witness, and (3) that the judge allowed into evidence certain statements which violated the hearsay rule. Since we agree that the defendant was unquestionably prejudiced by undue restriction of his cross-examination, we find it unnecessary to decide the other points raised.

At various times in the course of the trial the defendant attempted, through cross-examination of young Robinson, to establish the defense theory that the latter was drunk in the evening and that because of this, he could not recall in the morning that he had given the defendant permission to take the car. The judge permitted questions limited to the time of the actual taking but cut off testimony concerning the preliminary events as immaterial.[3] The judge would not allow full inquiry into the earlier events of the evening, before the defendant took the car. It was chiefly from such an inquiry that the defendant hoped to demonstrate to the jury the extent of Robinson's intoxication. By not allowing defense counsel an opportunity even to explain why he proposed to go into those events, and why he considered them material, the judge severely restricted the scope of the defense.

The occurrences preceding the defendant's taking of the vehicle were clearly germane, and essential to the defense. Since Robinson was the key witness for the State, the defendant's chances of acquittal rested on his ability to impeach Robinson's credibility. If the jury believed Robinson to be drunk, quite possibly they would have concluded that he had in fact authorized defendant to take the car but that due to the events of the night before and their effect upon him, his recollection was confused and untrustworthy. However, by rigidly limiting cross-examination, the judge in effect deprived the appellant of an opportunity to present his defense.

We recognize that the District Judge has wide discretion in limiting cross-examination. Carpenter v. United States, 264 F.2d 565 (4th Cir. 1959), cert. denied, 360 U.S. 936, 79 S.Ct. 1459, 3 L.Ed.2d 1548 (1959). However, where the information sought to be elicited is

---

3. The following is an example of what took place at trial:

Q. Let's go back to just a few things now, Bobby. I want to know where you went just with Larry to get something to drink?

Asst. U. S. Atty. Cruciani: Objection, your Honor.

The Court: Sustained. It would be immaterial. He is only charged with transporting into interstate commerce a motor vehicle he knew to be stolen.

Mr. Johnson: Your Honor, I think I can show—

The Court: No. Sustained. Now, wait. When I rule, that is it.

Mr. Johnson: Yes, your Honor.

The Court: Because I have to conduct the trial, I am responsible for it. The Government makes me the sole determiner. You can take exception to my rulings if you care to.

Mr. Johnson: We do except, your Honor.

The Court: Very well.

Mr. Johnson: And if I may, I would like to state why I believe the materiality of this line of questioning is for the record.

The Court: The question involved here is did he steal the automobile and knowing it to be stolen did he transport it from one State to another? Those are the issues.

Mr. Johnson: Yes, your Honor. I do understand the Court's ruling and respect it. May I state for the record what I believe to be material?

The Court: No. * * *

Trial Transcript, pp. 22–23.

highly relevant, even crucial to the case, it is clear abuse of judicial discretion to shut off inquiry. That was the case here and it constituted prejudicial error requiring reversal.

 On oral argument of the appeal, the court-appointed defense counsel, W. Thomas Ray, told us that in his preparation for trial in the District Court he necessarily incurred an obligation of $125 to a Knoxville lawyer for investigation of the case. Although Mr. Ray paid this sum out of his own pocket, the District Court did not allow him reimbursement. On remand, the District Court should pass an order compensating Mr. Ray for out-of-pocket expenses.

Reversed and remanded.