In re the Matter of Attorney's Fees and Expenses of Appointed Counsel, David G. DERICKSON, Appellant.

UNITED STATES of America, Plaintiff,

v.

Michael Kent POLAND, Defendant.

No. 80–1568.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 6, 1980.

Decided Feb. 23, 1981.

Rehearing and Rehearing En Banc Denied June 5, 1981.

James Hamilton Kemper, Derickson, Kemper & Henze, Phoenix, Ariz., for appellant.

Michael D. Hawkins, U. S. Atty., Phoenix, Ariz., for plaintiff.

Before FARRIS, PREGERSON and NELSON, Circuit Judges.

PER CURIAM:

This is an appeal from a district court's order refusing, on jurisdictional grounds, to authorize payment of attorney's fees to court-appointed defense counsel because his bill was submitted late. For the reasons set out below, we conclude that the district court's order is appealable under 28 U.S.C. § 1291. In light of our reading of section 2.21 of the *Guidelines for the Administration of the Criminal Justice Act*, we remand counsel's fee request to the district court for reconsideration.

David G. Derickson was appointed under the Criminal Justice Act, 18 U.S.C. § 3006A (CJA), to represent defendant Michael Kent Poland, who was charged with murder and bank robbery in the District of Arizona. Derickson completed his appointed services soon after a four-week jury trial that ended in his client's conviction. Poland was sentenced on March 14, 1979. About fifteen months later, Derickson submitted his fee voucher for legal services and expenses totalling $19,493.94 to the district court. The bill was accompanied by a written statement explaining the fifteen month delay.

Because Derickson's bill was presented late, the district court refused to authorize any payment whatsoever. The court relied on an administrative guideline, promulgated by the Administrative Office of the United States Courts, requiring court-appointed defense counsel to submit vouchers for payment of fees and expenses no later than 45 days after the final disposition of the case, unless good cause is shown. In declining to authorize payment, the district court determined that counsel's failure to comply with the administrative guideline foreclosed the court, on jurisdictional grounds, from authorizing payment of the voucher. The district court did not consider the question of good cause.

## JURISDICTION

Our first inquiry is whether we have jurisdiction over this appeal. The CJA is silent on the availability of appellate review where, as here, a district court refuses to authorize payment of attorney's fees.[1] Moreover, other circuits are divided over whether review is available of a district court's order involving attorney's fees and expenses under the CJA.[2]

28 U.S.C. § 1291 grants the federal courts of appeals jurisdiction to review "all final decisions of the district courts" in both civil and criminal cases. *See Abney v. United States*, 431 U.S. 651, 657, 97 S.Ct. 2034, 2039, 52 L.Ed.2d 651 (1977). This is the so-called final judgment rule. *Cobbledick v. United States*, 309 U.S. 323, 324–27, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940). A district court's order denying attorney's fees under the CJA is obviously not "final" in the sense of terminating the underlying criminal proceedings in the district court. We conclude, however, that the order falls within the "collateral order" exception to the final judgment rule announced in *Cohen v. Beneficial Industrial Loan Corporation*,

---

1. Appellate review under the act is expressly available, however, when excess compensation is awarded by a district court or appellate panel for extended or complex representation. In these situations, 18 U.S.C. § 3006A(d)(3) provides for approval of excess compensation by the chief circuit judge.

2. *See United States v. Smith*, 633 F.2d 739 (7th Cir. 1980) (review unavailable of district court's order refusing to authorize fees beyond the statutory maximum); *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978), *cert. denied*, 441 U.S. 962, 99 S.Ct. 2408, 60 L.Ed.2d 1067 (1979) (review available of district court's order refusing to appoint an investigator under the CJA); *United States v. Turner*, 584 F.2d 1389, 1389 (8th Cir. 1978) (review of order limiting attorney's fees without deciding question of appealability); *Camenisch v. United States*, 553 F.2d 1271, 1274 n.1 (D.C. Cir. 1976) (review of district court's action under the CJA might be available in particular cases); *United States v. Sullivan*, 456 F.2d 1273, 1275 (5th Cir. 1972) (review unavailable of appointed counsel's fee objections when raised during a defendant's direct appeal from conviction).

337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and is thus a "final decision" within the meaning of section 1291.

In *Cohen*, the Supreme Court addressed the question whether a district court's pretrial order that refused to require plaintiffs to post security for attorney's fees and expenses as required by a state statute was appealable. The Court recognized that section 1291 does not limit appellate jurisdiction to "those final judgments which terminate an action." 337 U.S. at 545, 69 S.Ct. at 1225. Rather, Congress made "final decisions" reviewable under section 1291 and, as Justice Jackson later pointed out, "while a final judgment always is a final decision, there are instances in which a final decision is not a final judgment." *Stack v. Boyle*, 342 U.S. 1, 12, 72 S.Ct. 1, 7, 96 L.Ed. 3 (1951) (Jackson, J., concurring). In *Cohen*, the Court held that the term "final decision" should be given a "practical rather than a technical construction." 337 U.S. at 546, 69 S.Ct. at 1225. In so construing the term, the Court identified several factors rendering the order a "final decision" under section 1291: (1) the order fully disposed of an issue before the court, in no sense leaving the question "open, unfinished or inconclusive"; (2) the order resolved an issue collateral to the underlying subject of the litigation and was not simply an intermediate decision that would merge in the final judgment; and (3) the order involved an important right otherwise irreparably lost if review had to await final judgment. *Id.* The Court concluded that the order refusing to require security was appealable because it was a final disposition of a claimed right that was not an ingredient of the cause of action and did not require consideration with it. *Id. See also Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).

The district court's order here fits within the *Cohen* guidelines. The order refusing to award attorney's fees conclusively disposed of Derickson's attorney's fee request. The order was not a step that merged in the final judgment entered in the underlying criminal prosecution. The third *Cohen* factor—the involvement of an important right

otherwise lost if review had to await final judgment—is, of course, inapplicable since Derickson submitted his fee request, following the usual procedure, after entry of final judgment in the underlying case.

Accordingly, we conclude that the district court's order falls within that "small class [of claims] which finally determine claims of right [too important to be denied review, and] separable from, and collateral to, rights asserted in the [underlying] action." *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1225. *See also Trustees v. Greenough*, 105 U.S. 527, 531, 26 L.Ed. 1157 (1881) (order fixing counsel fees, though incidental and collateral to the main cause, was so independent of it and so finally dispositive "as to make the decision [as to attorney's fees] substantially a final decree for purposes of an appeal"); *Preston v. United States*, 284 F.2d 514, 515 n.1 (9th Cir. 1960) (an attorney may appeal from a decision awarding or denying fees as long as the original action, to which the question of fees is ancillary, properly invokes the jurisdiction of the federal courts); *accord, Angoff v. Goldfine*, 270 F.2d 185 (1st Cir. 1959).

## THE MERITS

This appeal involves the district court's determination that it lacked jurisdiction to consider an untimely voucher for attorney's fees. We are not called upon to consider whether amounts awarded, methods of computation, or like matters related to attorney's fees under the CJA are appealable.

18 U.S.C. § 3006A(i) confers upon the Judicial Conference of the United States the authority to issue rules regarding the administration of the Criminal Justice Act.

Here the district court relied on section 2.21, chapter 2, section 3, volume VII of the *Guidelines for the Administration of the Criminal Justice Act*, transmittal 4 (Oct. 24, 1978). That section, entitled "Time Limits," provides:

Vouchers shall be submitted no later than 45 days after the final disposition of the case, unless good cause is shown. The clerks of the concerned courts should insure that attorneys are complying with the prescribed limits. Every effort

should be made to have counsel submit his claim as soon as possible upon completion of services rendered.

The district court concluded that it was "compelled not to recommend any payment on the application submitted on the sole ground that [the court] lack[ed] jurisdiction in the premises." In addition, the court declined to consider Derickson's written explanation because it was not in affidavit form.

■ Section 2.21 establishes an administrative time limit—one that diligent counsel should adhere to. The section does not deprive the district court of jurisdiction to honor vouchers submitted after the expiration of the 45-day period. Moreover, section 2.21 explicitly provides that, upon a showing of good cause, a fee voucher may be submitted after the expiration of the time period. The district court was incorrect in concluding that it lacked jurisdiction to award attorney's fees on late vouchers. In addition, the district court overlooked section 2.21's good cause provision. We therefore remand the matter for further proceedings consistent with the views expressed in this opinion.[3]

Remanded.

---

**3.** Derickson's written explanation of the delay should have been in the form of a sworn written statement. *See* 18 U.S.C. § 3006A(d)(4). The district court should afford Derickson the opportunity to so conform his explanation.