**UNITED STATES of America, Plaintiff,**

**v.**

**Luis Emilio TABARES, Defendant.**

**No. 87–CR–80816–DT.**

United States District Court,
E.D. Michigan, S.D.

Sept. 29, 1992.

Asst. U.S. Atty., Yvonne Watford, Detroit, Mich., for plaintiff.

Juan A. Mateo, Detroit, Mich., for defendant.

not compensable.

## ORDER

ZATKOFF, District Judge.

### INTRODUCTION

This matter is before the Court on appointed counsel's claim for compensation submitted pursuant to 18 U.S.C. § 3006A in which counsel seeks compensation for work done on the instant case. Appointed counsel was defendant Luis Tabares's court appointed attorney in this criminal matter.

On August 18, 1992, defense counsel submitted a voucher stating that he was entitled to $640.00 as compensation for representing the defendant in this case. In his voucher, defense counsel states that he was defendant's attorney for the period November 6, 1987, to December 10, 1987.

The Judicial Conference of the United States, pursuant to 18 U.S.C. § 3006A(i), has the authority to issue rules regarding the administration of the Criminal Justice Act, 18 U.S.C. § 3006A. The following time limit has been adopted with respect to appointed counsel filing vouchers pursuant to 18 U.S.C. § 3006A(d):

> Vouchers shall be submitted no later than 45 days after the final disposition of the case, unless good cause is shown. The clerks of the concerned courts should ensure that attorneys are complying with the prescribed limits. Every effort should be made to have counsel submit his claim as soon as possible upon completion of services rendered.

*See* Vol. VII, Guide to Judicial Policies and Procedures, Appointment of Counsel in Criminal Cases, Chapter II, Section A, Part C, § 2.21.

The only case which has addressed the 45–day time limit is *In Re Derickson,* 640 F.2d 946 (9th Cir.1981). There the Ninth Circuit held that a district court had jurisdiction to honor a voucher for attorney fees submitted after the expiration of the 45–day period. *Id.* at 948–49. The Court also went on to state that in order for appointed counsel to invoke the "good cause" exception to the 45–day rule, "the explanation of the delay should ... be[ ] in the form of a sworn written statement." *Id.* at 949 n. 3 (citing 18 U.S.C. § 3006A(d)(4)).

In the case before the Court, appointed counsel completed his services to the defendant on December 10, 1987. Appointed counsel's voucher was filed four years and eight months after he completed his representation of the defendant. Clearly, this is not within the 45–day period prescribed in the rule above. In addition, appointed counsel failed to file any type of sworn statement necessary to invoke to "good cause" exception to the 45–day rule. Therefore, although this Court has jurisdiction to examine the voucher, this Court denies the request for attorney fees, because the request was filed almost five years after appointed counsel completed his services on this case.

Accordingly, appointed counsel's claim for compensation pursuant to 18 U.S.C. § 3006A(d) is DENIED.

IT IS SO ORDERED.