UNITED STATES of America,
Plaintiff–Appellee,

v.

Ralph C. STONE, Defendant,

C. Michael Seibert, Attorney–Appellant.

No. 94–5408.

United States Court of Appeals,
Sixth Circuit.

Submitted April 4, 1995.

Decided April 27, 1995.

Devon L. Gosnell, Asst. U.S. Atty., Jennifer L. Webber (briefed), Office of the U.S. Attorney, Memphis, TN, for plaintiff-appellee.

C. Michael Seibert, Karen L. Sacandy (briefed), Woodstock, GA, for defendant-appellant.

Before: MERRITT, Chief Judge; SILER, Circuit Judge; EDMUNDS, District Judge.*

SILER, Circuit Judge.

Appellant C. Michael Seibert ("Seibert"), the court-appointed attorney for Defendant Ralph Stone, challenges the district court's decision, made pursuant to 18 U.S.C. § 3006A(d)(3), reimbursing Seibert only $33,693.80 in defense costs rather than the full $47,077.36 requested by Seibert.

For the reasons stated herein, we dismiss this appeal for lack of jurisdiction.

I.

Ralph and Joanne Stone, along with 25 co-defendants, were indicted in Memphis, Tennessee, in a 53–count indictment for failure to file income forms, conspiracy to defraud by obstructing the I.R.S. in collection of taxes, tax evasion, and obstructing and impeding by force and threats of force the due administration of Title 26 of the United States Code. Stone and his wife retained Seibert, who practiced law in Alabama, as counsel for their defense. Soon thereafter, however, the Stones moved the court for appointment of counsel on the basis of indigency. The district court held that the Stones were indigent

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

for purposes of expenses and, at the Stones' request, appointed Seibert as counsel. After working for both Mr. and Mrs. Stone for some time, Seibert became aware of a possible conflict. For this reason, Seibert declined representation of Joanne Stone, and continued representing Mr. Stone. Ms. Kathleen Caldwell represented Joanne Stone for the remainder of the case.

The case was tried in Memphis from February 26, 1991, to July 3, 1991. On July 9, the jury returned a verdict of acquittal for both Ralph and Joanne Stone. On February 18, 1992, Seibert filed a motion pursuant to § 3006A(d)(1) of the Criminal Justice Act ("CJA") for the payment of $47,077.36 in attorney's fees and defense costs. The district court certified payments of excess fees under § 3006A(d)(3), but recommended payment to Seibert of only $33,693.80. Seibert twice moved the district court for reconsideration, but the district court denied both motions. Judge Boyce F. Martin, Jr. of this court, acting for the chief judge, approved the $33,693.80 award. As of the time of this appeal, Seibert has received $31,112.63 of the approved award. Seibert primarily challenges the district court's failure to authorize the full $47,077.36. He also requests that he be awarded at least the remaining $2,500.00 owed to him.

## II.

### A) Timeliness of this Appeal.

The government argues as an initial matter that this court lacks jurisdiction to decide this case due to Seibert's failure to comply with Fed.R.App.P. 4(b), which requires a criminal defendant to file his notice of appeal within ten days (or thirty days if excusable neglect is found) of "entry either of the judgment or order appealed from." Of course, the government's position presupposes that Rule 4(b), rather than Rule 4(a),[1] applies. The government, however, offers no support for this supposition and this issue appears to be one of first impression for this circuit.

We decline to decide this issue. If this court were to decide the case based upon an application of Rule 4(b), it would be implicitly

ruling that the fee determination is an appealable order. Furthermore, it requires this court to essentially make new law on whether a § 3006A order is criminal or civil in nature. For these reasons, we will address only the determinative issue of the case—the reviewability of the compensation order.

### B) Reviewability of the Compensation Order.

The CJA authorizes compensation for services rendered and expenses incurred by court-appointed counsel. Section 3006A specifies the maximum amount to be awarded, but allows a district court to authorize or "certify" fee amounts in excess of the maximums when the representation is "extended or complex." 18 U.S.C. § 3006A(d)(3). The district court has the discretion to determine the appropriate amount for the fee based, in part, on the nature of the case and the extent of the representation. Once the district court has made this determination, it will certify this amount to the chief judge of the circuit for "approval." *Id.* Section 3006A does not provide for formal review by the chief judge, however, as the CJA only requires his "approval" of the recommended amount. Significantly, the CJA is silent on when and if appellate review of the district court's fee determination is available. For this reason, if review is proper, the order must be a "final decision of the district court" as provided by 28 U.S.C. § 1291 or satisfy the collateral order exception.

The appealability of a § 3006A order is an issue of first impression for this circuit. Of the circuits that have decided the issue, the majority have held that fee determinations by a district court are not reviewable orders. Indeed, the Federal, Seventh, Ninth, Tenth, and Eleventh Circuits all have held that reimbursement determinations are non-appealable. *Shearin v. United States,* 992 F.2d 1195, 1196 (Fed.Cir.1993); *United States v. Smith,* 633 F.2d 739, 741–42 (7th Cir.1980), *cert. denied,* 451 U.S. 970, 101 S.Ct. 2047, 68 L.Ed.2d 349 (1981); *United States v. Walton (In re Baker),* 693 F.2d 925, 926 (9th Cir.

---

1. If Rule 4(a) applied, Seibert would have sixty, not forty, days to file his notice of appeal.

1982); *United States v. Davis*, 953 F.2d 1482, 1497 n. 21 (10th Cir.1992), *cert. denied*, 504 U.S. 945, 112 S.Ct. 2286, 119 L.Ed.2d 210 (1992); *United States v. Rodriguez*, 833 F.2d 1536, 1537 (11th Cir.1987).

No circuit has explicitly held the other way. While both the Eighth and the Fourth Circuits have reviewed the appropriateness of attorney fees awards under § 3006A, the reviewability of the orders was not an issue in either case. *See United States v. Turner*, 584 F.2d 1389 (8th Cir.1978)(without discussing jurisdiction for the appeal, finding no abuse of discretion in district court's award of fees); *United States v. Ketchem*, 420 F.2d 901 (4th Cir.1969)(order of reimbursement without analysis of jurisdiction).

We agree with the Federal, Seventh, Ninth, Tenth and Eleventh Circuits and hold that § 3006A fee determinations are not appealable orders. There are a number of reasons for this conclusion. First, we, like the Federal and Eleventh Circuits, find it significant that the CJA itself does not provide for appellate review of the fee determination. *See Shearin*, 992 F.2d at 1196; *Rodriguez*, 833 F.2d at 1537. Rather, the determination rests entirely with the discretion of the district court, with only minimal review by the chief judge of the circuit.

The non-adversarial nature of the reimbursement provisions also supports the conclusion that fee determinations are non-appealable. Under the CJA, the appointed attorney files a voucher with the district court explaining the amount requested. Without notifying the government, the district court then determines the appropriate amount. This decision, however, is in no way outcome dependent. In this sense then, fee determinations are administrative in nature. *Smith*, 633 F.2d at 741; *Walton*, 693 F.2d at 927; *Davis*, 953 F.2d at 1497 n. 21; *Rodriguez*, 833 F.2d at 1538. This conclusion is significant, as this circuit has held that purely administrative decisions of the district court judge are not appealable orders under 28 U.S.C. § 1291. *Rini v. Clerk, United States Bankruptcy Court*, 782 F.2d 603, 606–07 (6th Cir.1986). Finally, as the Seventh Circuit noted in *Smith*, 633 F.2d at 741, legislative history supports the conclusion that § 3006A(d) fee awards are not reviewable.

We also reject Seibert's contention that the § 3006A fee determination is a "collateral order." The "collateral order doctrine" enunciated by the Supreme Court in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), permits courts to review an interlocutory order only when that order: (1) conclusively determines the disputed question; (2) resolves an important question that is not dependent upon the merits for its resolution; and (3) is effectively unreviewable on appeal from the final judgment. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276, 108 S.Ct. 1133, 1136–37, 99 L.Ed.2d 296 (1988); *In re Westwood Shake & Shingle, Inc.*, 971 F.2d 387, 390 (9th Cir.1992)(citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)).

This doctrine, by its own terms, does not apply to § 3006A determinations. The fee determination at issue is an administrative decision, not an "interlocutory order." Furthermore, a district court's determination of the appropriate fee at least implicitly requires consideration of the merits of the case. For example, the present district court considered the nature of the claim and the strength of the case against Stone, as it directly affected the amount of preparation required.

Moreover, we find it significant that Seibert can cite no case law to support his position. While Seibert cites *United States v. Poland (In re Derickson)*, 640 F.2d 946 (9th Cir.1981), in support, that case held appealable only a district court's determination that it lacked jurisdiction to consider an untimely voucher. The *Poland* court explicitly stated that it was not deciding "whether amounts awarded, methods of computation, or like matters related to attorney's fees under the CJA are appealable." *Id.* at 948. Indeed, the Ninth Circuit, in a later case, expressly rejected the argument that *Cohen* applies to § 3006A fee determinations. *Walton*, 693 F.2d at 926–27.

In light of the above concerns, and the fact that "[d]oubts regarding appealability ... [should be] resolved in favor of finding that

the interlocutory order is not appealable," *In re Westwood*, 971 F.2d at 390 (citing *Matter of PHM Credit Corp.*, 99 B.R. 762, 765 (E.D.Mich.1989)), we find the § 3006A fee determinations are not collateral orders.

Finally, Seibert should be able to receive the additional $2,500.00 owed to him by writing to the office of the clerk of this court and requesting it. If Judge Martin has authorized it, there should be no problem receiving the amount owed, but it is not a matter for an appeal.

DISMISSED.