IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 8, 2008

Charles R. Fulbruge III
Clerk

No. 08-70040

ALVIN ANDREW KELLY

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, Director Texas Department of Criminal
Justice, Correctional Institutions Division

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas, Beaumont Division
USDC No. 1:00-cv-636

Before BARKSDALE, BENAVIDES, and DENNIS,[*] Circuit Judges..

PER CURIAM:[**]

Petitioner Alvin Andrew Kelly (Kelly) is scheduled to be executed by the State of Texas on October 14, 2008. Bound by our precedent, we AFFIRM the district court's holding that 18 U.S.C. § 3599(e) does not apply to state clemency proceedings. We also DENY the motion to stay the execution.

---

[*] Concurring in judgment only.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On April 10, 2008, this Court affirmed the district court's denial of federal habeas relief. Kelly v. Quarterman, 273 F. App'x. 361 (5th Cir. 2008) (unpublished), cert. denied, __ U.S. __, 2008 WL 2433616 (Oct. 6, 2008). On September 29, Kelly filed a motion for appointment of counsel and stay of execution in district court. On October 3, the district court denied both requests. On October 6, Kelly filed a notice of appeal and requested this Court to reverse the district court, stay his execution, and appoint counsel to prepare an application for clemency.

The sole issue is whether 18 U.S.C. § 3599(e), the federal appointment of counsel statute, permits payment of federal funds to counsel for the purpose of seeking clemency in state proceedings. This Court previously has determined that the federal appointment statute does not provide for compensation and reimbursement with respect to state clemency proceedings. Clark v. Johnson, 278 F.3d 459, 461-63 (5th Cir. 2002).[1]

Although Kelly recognizes this precedent, he argues that this panel should reconsider the decision in Clark. In support of reconsideration, Kelly relies on: (1) the Supreme Court's grant of certiorari in Harbison v. Bell, 128 S.Ct. 2959 (2008), a case involving the identical question at issue with respect to 18 U.S.C. § 3599; and (2) the Tenth Circuit's en banc opinion concluding that the federal appointment of counsel statute does allow compensation for state clemency proceedings. Hain v. Mullin, 436 F.3d 1168 (10th Cir. 2006) (en banc). However, "[a]bsent a clear contrary statement from the Supreme Court or en banc reconsideration of the issue, we are bound by [our prior decision]." United States v. Stone, 306 F.3d 241, 243 (5th Cir. 2002). Indeed, we are bound by our

---

[1] We note that the federal appointment statute at issue in Clark was 21 U.S.C. § 848(q)(8)). The current version of the federal appointment statute, 18 U.S.C. § 3599(e), contains essentially the same relevant language. Thus, the holding in Clark remains controlling.

precedent even after the Supreme Court grants certiorari in another case on the relevant issue. United States v. Lopez-Velasquez, 526 F.3d 804, 808 n.1 (5th Cir. 2008) (per curiam). Because we are bound by our previous holding in Clark, we affirm the district court's ruling.[2]

The order of the district court is accordingly AFFIRMED. Additionally, Kelly's motion for stay of execution is DENIED. See Turner v. Quarterman, No. 08-70025, 2008 WL 2645674 (5th Cir. July 7, 2008) (per curiam) (recognizing that the Supreme Court had granted certiorari on the same issue, this Court nonetheless held that the claim pursuant to 18 U.S.C. § 3599 was foreclosed in this Circuit and denied a stay of execution), petition for reh'g en banc denied (5th Cir. July 10, 2008) (per curiam), cert. denied and application for stay of execution denied, 2008 WL 2690759 (U.S. July 10, 2008); Hood v. Quarterman, No. 08-70033, 2008 WL 2958975 (5th Cir. Aug. 4, 2008) (per curiam) (same).

---

[2] The Respondent-Appellee asserts that this Court does not have appellate jurisdiction because the order appealed from here is not a ruling on a federal habeas petition, and the motion filed in district court is not one which falls under the Federal Rules of Civil Procedure, such as a Rule 59 or Rule 60 motion. As previously set forth, in Clark—as in the instant case—the district court ruled that the federal appointment statute did not authorize compensation for counsel in connection with petitioner's state clemency proceeding. 278 F.3d at 460. This Court sua sponte determined that such an order was appealable either as a final order or an appealable collateral order. Id. at 460-61. We therefore have jurisdiction over the district court's ruling.