FILED
United States Court of Appeals
Tenth Circuit

February 24, 2009

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

SHEILA FRENCH,

Defendant.

_____

WILLIAM DIXON LUNN,

Attorney-Appellant.

No. 07-5147

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 4:03-CR-00181-JHP-6)**

---

Submitted on the brief:[*]

William D. Lunn, Tulsa, Oklahoma, Attorney-Appellant.

---

Before **BRISCOE**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

---

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**BRISCOE**, Circuit Judge.

William Lunn, who was appointed under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A, to represent Sheila French, submitted a voucher under the CJA for compensation and reimbursement of expenses incurred in representing Ms. French in resentencing proceedings. The district court approved payment in an amount significantly less than Mr. Lunn requested. He now seeks review of the district court's decision regarding his CJA compensation. We conclude that we are without jurisdiction to consider this appeal, and dismiss this appeal.

Ms. French was convicted on drug-related charges and sentenced to a term of imprisonment. She appealed her sentence, and this court reversed and remanded for resentencing in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 246 (2005), and for correction of an error in the drug-weight calculation. Mr. Lunn represented Ms. French on remand in the district court resentencing proceedings, which included two hearings and six briefs filed by Mr. Lunn (four of which were filed at the request of the district court). After the resentencing, Mr. Lunn submitted a CJA voucher requesting reimbursement of expenses and compensation in excess of the statutory maximum, for a total amount of $7,420.75. A magistrate judge reviewed the voucher request and recommended to the district court that the voucher be paid as requested. In making his recommendation, the magistrate judge found that the

-2-

case had previously been characterized by the court as "complex" (based in part on the sentencing issues) and that the sentencing issues on remand remained complex. He noted that the compensation request was unusually high, but that on close review and in light of the shifting sentencing landscape, compensation in excess of the statutory maximum was necessary to fairly compensate counsel. See 18 U.S.C. § 3006A(d)(3) (statutory maximum may be waived in complex or extended cases where court certifies that it is necessary for fair compensation). Finally, after detailed consideration, the magistrate judge found that the expenses should be reimbursed and that the compensation requested was reasonable and necessary.

The district court disagreed with the magistrate judge's recommendations and declined to adopt them. Instead, the district court found that Mr. Lunn's representation on resentencing was neither extended nor complex, and that he could be fairly compensated for his services within the statutory maximum. Consequently, the district court declined to certify the proceedings so as to exceed the statutory maximum; it authorized the then-statutory maximum compensation of $1,500 and reimbursement of expenses. Mr. Lunn appeals that order, arguing that this court has jurisdiction to consider whether a district court's denial of "virtually all" of a CJA compensation request is proper. Aplt. Br. at 22. He also claims the district court erred in refusing to certify his compensation

request for payment in excess of the statutory maximum and that the compensation he received was not reasonable.

Every circuit court of appeals to consider this jurisdictional question has held that CJA fee compensation determinations made by the district court are not appealable. United States v. Stone, 53 F.3d 141, 143 (6th Cir. 1995); Shearin v. United States, 992 F.2d 1195, 1196 (Fed. Cir. 1993); Landano v. Rafferty, 859 F.2d 301, 302 (3rd Cir. 1988); United States v. Rodriguez, 833 F.2d 1536,1537-38 (11th Cir. 1987); United States v. Walton (In re Baker), 693 F.2d 925, 927 (9th Cir. 1982); United States v. Smith, 633 F.2d 739, 742 (7th Cir. 1980); cf. United States v. Bloomer, 150 F.3d 146, 148 (2d Cir. 1998) (holding that orders concerning fee determinations for services already rendered under the CJA are not appealable).[1] Our circuit has come to the same conclusion, albeit in dicta: "Fee determinations by the district judge pursuant to the [CJA] are administrative in character and do not constitute final appealable orders within the meaning of 28 U.S.C. § 1291." United States v. Davis, 953 F.2d 1482, 1497 n.21 (10th Cir. 1992). We now join the other circuits that have reached the question and hold that district court CJA fee determinations are not appealable orders. As the Sixth Circuit stated, the CJA does not provide for appellate review

---

[1] Two circuits have reviewed CJA compensation decisions without discussing jurisdiction. See United States v. Turner, 584 F.2d 1389 (8th Cir. 1978); United States v. Ketchem, 420 F.2d 901 (4th Cir. 1969).

-4-

of a fee determination; instead, the district court has complete discretion, subject only to minimal review by the chief judge of the circuit.  <u>Stone</u>, 53 F.3d at 143. In addition, the non-adversarial nature of the process supports the conclusion that it is an administrative act, as opposed to a judicial decision.  <u>Id.</u>; <u>Rodriguez</u>, 833 F.2d at 1537-38; <u>In re Baker</u>, 693 F.2d at 926-27.

Mr. Lunn recognizes the weight of the circuit authority, but argues that his dispute is reviewable because it is analogous to the situation in <u>Davis</u>.  In that case, the district court had completely neglected its duty to review the CJA vouchers and forward them for payment, and counsel asked us to order the district court to fulfill its duty to process the interim voucher.  After recognizing the general consensus among the circuits that orders concerning CJA fee determinations were not appealable, we stated that the situation then before us was "fundamentally different from claims concerning the *amount* of payment." <u>Davis</u>, 953 F.2d at 1497 n.21.  Mr. Lunn argues that, as in <u>Davis</u>, his situation is also fundamentally different from claims concerning the amount of payment.  He characterizes the request in <u>Davis</u> as one "not to be denied reasonable payments for [counsel's] services by interim payments," just as he is requesting reasonable payment for his service.  Aplt. Br. at 24.

However, Mr. Lunn's situation is different than that presented in <u>Davis</u>. The district court in <u>Davis</u>, contrary to the process prescribed by the CJA and the court's own order regarding processing of interim vouchers, had taken no action

whatsoever on counsel's interim vouchers–it had not reviewed the vouchers, authorized compensation, or submitted them to the chief judge for review and approval. What made the Davis situation fundamentally different from a claim concerning the *amount* of payment was that the district court had not taken action to process the interim vouchers *at all*. In Mr. Lunn's case, the district court fulfilled its administrative duty to review Mr. Lunn's voucher and forward it for payment. Notwithstanding Mr. Lunn's attempt to characterize his dispute as about the *process* by which the district court arrived at its conclusion, and regardless of the fact that he disagrees with the district court's analysis and conclusions regarding whether the resentencing proceedings were complex and whether exceeding the statutory maximum was necessary for fair compensation under the CJA, it all comes down to the fact that Mr. Lunn disagrees with the *amount* of the payment.

Mr. Lunn also argues that we have jurisdiction in this case based on the collateral order doctrine announced in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, (1949). We agree with the Sixth and the Ninth Circuits that the district court decision concerning the amount of CJA fees does not come within the collateral order doctrine for the same reason that it is not an appealable order within the meaning of 28 U.S.C. § 1291–it is a decision that is administrative, not judicial, in nature. See Stone, 53 F.3d at 143; In re Baker, 693 F.2d at 926-27. Just as its administrative nature prevents it from being an appealable order under

-6-

§ 1291, neither is it a judicial, interlocutory order subject to the collateral order doctrine. Stone, 53 F.3d at 143.

Mr. Lunn relies on the decision in United States v. Poland (In re Derickson), 640 F.2d 946, 947-48 (9th Cir. 1981), to support his argument that the collateral order doctrine provides a jurisdictional basis for this appeal. That decision, however, does not further Mr. Lunn's cause. That case involved an appeal from a district court decision that the district court lacked jurisdiction to consider counsel's CJA voucher because the voucher was not submitted for review within the administrative time limit. By its own terms, that case is distinguishable:

> This appeal involves the district court's determination that it lacked jurisdiction to consider an untimely voucher for attorney's fees. We are not called upon to consider whether amounts awarded, methods of computation, or like matters related to attorney's fees under the CJA are appealable.

Id. at 948. In fact, in a later Ninth Circuit decision holding that a district court decision approving CJA fees in an amount less than requested by counsel was not appealable, the court noted its decision in In re Derickson as "expressly point[ing] out that we were not called upon to decide whether the certification of an actual amount was appealable." In re Baker, 693 F.2d at 925-26 & n.1. In re Derickson presented a different jurisdictional question than is presented here, and the Ninth Circuit has since held that district court orders "establishing the amount of attorneys fees under the [CJA] are not appealable." In re Baker, 693 F.2d at 926.

-7-

The third issue raised by Mr. Lunn is that the compensation authorized by the district court was unreasonable. This claim also goes to the amount of the district court's fee determination, and, as such, is not appealable.

The appeal is DISMISSED for lack of jurisdiction.