FILED
United States Court of Appeals
Tenth Circuit

August 23, 2011

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD ROJEM,

        Petitioner-Appellant,

v.

RANDALL G. WORKMAN, Warden,
Oklahoma State Penitentiary,

        Respondent.

No. 10-6202

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 5:10-CV-00172-M)**

Submitted on the brief:[*]

Jack Fisher, Fisher Law Office, Edmond, Oklahoma, and Paul S. McCausland, Young, Bogle, McCausland, Wells & Blanchard, P.A., Wichita, Kansas, for Petitioner-Appellant.

Before **MURPHY**, **McKAY**, and **HOLMES**, Circuit Judges.

**MURPHY**, Circuit Judge.

---

[*]    After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Richard Rojem appeals the district court's denial of his Ex Parte Motion for De Novo Review of Preliminary Budget and his Ex Parte Motion for Approval of Funding for Expert Assistance, which he filed in his pending 28 U.S.C. § 2254 federal habeas proceeding. Because this appeal, at its core, challenges the district court's decision regarding how much compensation to award counsel, this court dismisses for lack of jurisdiction.

## *Background*

In 1985, Mr. Rojem was convicted of first-degree murder, kidnaping, and rape. He was sentenced to death. After he unsuccessfully pursued relief in the Oklahoma courts, he filed a § 2254 application in federal district court. The court denied relief as to the convictions, but conditionally granted relief from the death sentence. This court affirmed. *See Rojem v. Gibson*, 245 F.3d 1130, 1143 (10th Cir. 2001). On resentencing, Mr. Rojem again was sentenced to death. The second sentence, however, was vacated by the Oklahoma Court of Criminal Appeals. *Rojem v. State*, 130 P.3d 287, 302 (Okla. Crim. App. 2006). Mr. Rojem had a third sentencing in 2007, which also resulted in imposing the death penalty. The state courts denied relief in a new round of post-conviction proceedings, so Mr. Rojem again sought relief in the federal district court under § 2254.

As authorized by 18 U.S.C. § 3599(a)(2), the district court appointed counsel to assist Mr. Rojem in preparing his § 2254 application. In the

Preliminary Litigation Budget, beyond the listed potential habeas issues arising from the third sentencing proceeding, Mr. Rojem also sought funding for an investigation of the guilt phase. Pointing to the 2003 American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases, Mr. Rojem argued that counsel was required to undertake an extensive pre-petition investigation. He asserted that he could file for authorization of a second or successive § 2254 application based on guilt-phase issues identified in his Preliminary Litigation Budget and could seek state clemency. The magistrate judge, however, limited the budget to compensation for work on penalty-stage claims and minimal review of the record for background and history. Thus, he approved only forty-five percent of the total requested for counsel's fees and expenses.

Mr. Rojem requested that the district court undertake a de novo review of the magistrate judge's decision. He argued:

> Counsel believes the Preliminary Litigation Budget submitted to [the magistrate judge] provides for reasonably necessary compensation for counsel based on the penalty stage claims preserved in state court proceedings since the most recent 2007 trial and claims . . . that have not been thoroughly and competently investigated by counsel that have adequate training and experience to identify forensic and Constitutional issues.
> . . . [T]here are potentially meritorious issues that must be investigated by counsel . . . .

R., Vol. 2 at 7. Mr. Rojem also stated that "[s]ince the decision in *Harbison v. Bell*[, 129 S. Ct. 1481, 1491 (2009),] habeas counsel has the additional obligation

to represent Mr. Rojem at clemency proceedings." R., Vol. 2 at 10-11 (footnote omitted). He asserted that counsel had already expended substantial time on his case in reviewing the record, conducting research, and evaluating areas for additional investigation, which included time spent on guilt-phase issues.

In addition to the motion for de novo review, Mr. Rojem submitted a separate motion for approval of "expert funding which is reasonably necessary to assist[] counsel in the preparation of Mr. Rojem's federal Constitutional claims in his 28 U.S.C. §2254 Federal Habeas petition." *Id.* at 61. In that motion, Mr. Rojem asserted the need for expert assistance related to specified issues in the guilt phase. He further asserted that any new evidence could be used for state clemency proceedings.

The district court denied both motions in a single order, stating:

Because Petitioner has already sought and been denied relief on guilt stage issues before both this Court and the Tenth Circuit in the prior habeas corpus action, the matter of Petitioner's guilt is not before the Court. In the present action, Petitioner can challenge only those issues arising out of his third resentencing in 2007. It is clear that if Petitioner wishes to attack his original convictions, his redress lies with the Tenth Circuit and his satisfaction of the rules regarding second and successive petitions.

In the motions currently before the Court, Petitioner's court-appointed counsel seeks an increased budget and expert assistance to pursue matters related to Petitioner's guilt. The Court has reviewed the motions and found that both should be denied. Because the issue of guilt is not before the Court, counsels' requests are not "reasonably necessary" to their representation of Petitioner. Given the limited nature of this action, a budget of [$____] is

> reasonable and expert assistance for the purpose of reinvestigating Petitioner's guilt is unnecessary.

*Id.* at 319-20 (citations and footnote omitted).

## *Analysis*

In a briefing order, Mr. Rojem was directed to discuss whether this court has jurisdiction to entertain this appeal in light of *United States v. French*, 556 F.3d 1091 (10th Cir. 2009). In *French*, this court held that a district court's Criminal Justice Act (CJA) fee determination is not an appealable order.[1] *Id.* at 1093.

The Supreme Court in *Harbison* subsequently held that a district court's denial of counsel under § 3599 for state clemency proceedings was appealable under 28 U.S.C. § 1291. *See Harbison*, 129 S. Ct. at 1485. Relying on *Harbison*, Mr. Rojem characterizes the district court's order as analogous to the complete denial of counsel. He states, "The district court determined that counsel's appointment under 18 U.S.C. § 3599 did not extend to an investigation of Petitioner's [guilt-phase conviction]." Aplt. Br. at 30. He further argues that § 3599 entitles him to counsel for all available judicial proceedings, and he asserts that a guilt-phase investigation is necessary for him to pursue available remedies such as a second or successive § 2254 application, *see* 28 U.S.C.

---

[1] Although § 3599 is not codified in the same section as the remainder of the CJA, courts have treated it as being part of the CJA. *See, e.g., In re Carlyle*, No. 11-8016, __ F.3d __, 2011 WL 2672289 (8th Cir. July 11, 2011) (Riley, C.J.).

§ 2244(b); an original habeas proceeding in the Supreme Court, *see In re Davis*, 130 S. Ct. 1 (2009); and state clemency proceedings.

Mr. Rojem correctly asserts that as a prisoner facing the death penalty, he has a right to appointed counsel for his § 2254 proceeding and "every subsequent stage of available judicial proceedings," as well as "proceedings for executive or other clemency as may be available to the defendant." 18 U.S.C. § 3599(a)(2), (e). In addition, he has a right to "investigative, expert, or other reasonably necessary services," *id.* § 3599(a)(2), and the district court has the authority to compensate providers of "investigative, expert, or other services" upon finding that such services "are reasonably necessary for the representation of the defendant," *id.* § 3599(f). But contrary to Mr. Rojem's contentions on appeal, a reading of the district court's decision does not indicate that the court denied fees for all time for the pursuit of any judicial remedies, such as a second or successive § 2254 proceeding or an original habeas proceeding, or even fees for state clemency proceedings. Rather, the court determined the requested amounts were *not reasonably necessary for the matter then before it*.

In *Harbison*, the prisoner explicitly requested counsel for state clemency proceedings after the denial of his § 2254 application. 129 S. Ct. at 1484. The district court denied the motion to expand the scope of counsel's representation. *Id.* That was the order the Supreme Court determined to be appealable. In contrast, Mr. Rojem has a pending § 2254 proceeding, and although he referenced

his other potential remedies, he generally presented his requests for funding as arising from and ancillary to his § 2254 proceeding. But as the district court noted, the only matters that properly can be raised in the pending § 2254 proceeding are issues arising from the third sentencing. Should Mr. Rojem be successful in this habeas proceeding, as he has been in the past, he will not be seeking clemency for an extant death sentence.

Rather than a complete denial of counsel, then, as in *Harbison*, this appeal boils down to a dispute about the district court's decision to award an amount less than the requested amount for representation in the pending § 2254 proceeding. This court has determined that such "district court CJA fee determinations are not appealable orders." *French*, 556 F.3d at 1093. As in *French*, because "it all comes down to the fact that [counsel] disagrees with the *amount* of the payment," this court lacks jurisdiction to hear this appeal. *Id.* at 1094.

The appeal is DISMISSED for lack of jurisdiction. Counsel's motion for interim payment of fees on appeal is DENIED AS MOOT.