FILED
United States Court of Appeals
Tenth Circuit

September 4, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICHAEL EDWARD HOOPER,

       Plaintiff,

v.

JUSTIN JONES, Director DOC;
RANDALL WORKMAN, Warden;
DOES, Unknown Executioners,

       Defendants,

and

JAMES ALEXANDER DRUMMOND,

       Attorney-Appellant.

No. 13-6048
(D.C. No. 5:12-CV-00758-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **ANDERSON**, and **MATHESON**, Circuit Judges.

James Alexander Drummond, attorney for the now-deceased plaintiff Michael

Edward Hooper, appeals from a decision of the district court refusing to compensate

---

[*]    After examining appellant's brief and the appellate record, this panel has determined unanimously to grant appellant's request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

him under the Criminal Justice Act (CJA), 18 U.S.C. § 3599, for work performed in connection with an unsuccessful challenge to Hooper's execution by lethal injection. For the reasons explained below, we exercise jurisdiction under 28 U.S.C. § 1291, and reverse.

## I. PROCEDURAL BACKGROUND

Mr. Drummond was appointed under § 3599(a)(2) to represent Mr. Hooper in habeas proceedings challenging his death sentence. That effort ultimately was unsuccessful, *see Hooper v. Workman*, No. Civ-07-515-M, 2011 WL 1935815 (W.D. Okla. May 20, 2011), *cert. of appealability denied and appeal dismissed*, 446 F. App'x 88 (10th Cir. 2011), *cert. denied*, 132 S. Ct. 2721 (2012), and Mr. Hooper sought to challenge the method of execution by lethal injection.

The district court granted a supplemental litigation budget for this purpose in connection with Mr. Drummond's existing CJA appointment. After working for some time on the matter under the auspices of his habeas appointment, Mr. Drummond filed a separate action under 42 U.S.C. § 1983 seeking to enjoin use of the contemplated lethal injection protocol—a course approved by the Supreme Court in *Hill v. McDonough*, 547 U.S. 573, 579-83 (2006). Shortly thereafter, district court personnel informed Mr. Drummond by phone that CJA compensation would not be available for his work on the § 1983 action. At that point, given the pressure of time and the seriousness of the case, he simply continued his efforts on Mr. Hooper's behalf notwithstanding that communication.

With the scheduled execution date approaching, Mr. Drummond filed a motion for a preliminary injunction to stay Mr. Hooper's execution. The district court denied the motion and an immediate appeal was taken. This court affirmed the denial of the preliminary injunction and the Supreme Court refused further review. *See Hooper v. Jones*, 491 F. App'x 928 (10th Cir.), *cert. denied*, 133 S. Ct. 89 (2012). As Mr. Drummond now emphasizes, this court appointed and compensated him under the CJA for his representation of Mr. Hooper in those appellate proceedings. On August 14, 2012, Mr. Hooper was executed.

In the district court, Mr. Drummond was compensated for work done in connection with his CJA appointment for the habeas proceedings—including his preliminary work in anticipation of the lethal injection challenge—but not for any time spent in the § 1983 action. He filed a motion for reconsideration of the matter, which the district court denied solely on the ground that § 1983 actions are not within the purview of the CJA.

## II.  APPELLATE JURISDICTION

This case requires us to resolve an issue of appellate jurisdiction that has split the circuits that have addressed it---are there any circumstances (and, in particular, those presented here) in which CJA counsel can appeal the denial of a compensation request? Two lines of authority help illustrate the legal framework and why we think the answer is yes. The first sets forth the general rule that a court's ad hoc review and approval, reduction, or denial of a CJA fee voucher is a mere "administrative

act," not a "judicial decision" appealable under § 1291. *United States v. French*, 556 F.3d 1091, 1093 (10th Cir. 2009) (joining six other circuits disclaiming appellate jurisdiction when appeal merely challenges amount of CJA fee awarded); *see also Rojem v. Workman*, 655 F.3d 1199, 1201-02 (10th Cir. 2011) (following *French*).[1]

The second line of authority is founded on *Harbison v. Bell*, 129 S. Ct. 1481, 1485 (2009). There, the Supreme Court held an order that "denies a motion to enlarge the authority of appointed counsel (or that denies a motion for appointment of counsel)" is "clearly an appealable order under 28 U.S.C. § 1291." Obviously the denial of a motion to enlarge the authority of appointed counsel can have direct consequences with respect to the amount of CJA compensation, but that does not render it non-appealable.

The procedural facts of this case share features of both lines of authority. As in *French*, the district court merely reduced counsel's request for compensation under the CJA. On the other hand, the basis for the reduction was not an ad hoc administrative judgment about the appropriate size of counsel's fee but rather, as in *Harbison*, a decision regarding the proper reach of appointed counsel's authority under the CJA statute.

Two circuits have expressly addressed similar determinations and come to opposite conclusions. The Fifth Circuit has held that such a determination is the

---

[1] The inapplicability of § 1291 is jurisdictionally dispositive, because the CJA does not contain an independent grant of appellate jurisdiction.

functional equivalent of an appointment or enlargement-of-appointment order and hence an appealable decision. *Clark v. Johnson*, 278 F.3d 459, 460-61 (5th Cir. 2002); *see also Kelly v. Quarterman*, 296 F. App'x 381, 382 & n.2 (5th Cir. 2008).[2] The Eleventh Circuit has held in a split opinion that such a determination is materially indistinguishable from a run-of-the-mill fee reduction and hence a non-appealable administrative act. *Gary v. Warden*, 686 F.3d 1261, 1269-71 & n.21 (11th Cir. 2012) , *cert. denied*, 133 S. Ct. 1734 (2013); *cf. id.* at 1281-85 (Wilson, J., dissenting). We conclude that appellate review is available in these circumstances.[3]

The decision whether to compensate counsel here involves interpreting and applying the provisions in § 3599 governing the authorized scope of a CJA appointment—in this case whether it encompasses representation of a capital habeas petitioner in related § 1983 proceedings challenging the execution of his death sentence. The interpretation and application of statutory directives is the very essence of district court decision-making routinely reviewable under § 1291; it is a

---

[2]  *Clark* was decided under 18 U.S.C. § 848(q), the predecessor to § 3599; noting that the two versions contained essentially the same relevant language, *Kelly* applied *Clark*'s jurisdictional holding to a case involving § 3559.

[3]  We note that our circuit exercised jurisdiction to review a CJA determination of the sort involved here in *Hain v. Mullin*, 436 F.3d 1168 (10th Cir. 2006) (en banc) (reviewing denial of CJA compensation on basis that representation in state clemency proceeding fell outside scope of counsel's statutory authorization). But because we never mentioned, much less explained, the basis for our jurisdiction, *Hain* does not qualify as precedent on the point, *Palma-Salazar v. Davis*, 677 F.3d 1031, 1036 (10th Cir. 2012) (following *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952)). It is nonetheless notable that our holding here does not conflict with the actual practice of the en banc court in *Hain*.

mistake to equate it with the ad hoc administrative act of signing off on the amount requested in a particular CJA voucher. *See Clark*, 278 F.3d at 461 (holding that "definitively determin[ing] whether [counsel's] services are compensable under the Act as a matter of law" "is qualitatively different from approving or disapproving the amount of expenses reasonably and necessarily incurred by counsel" for authorized representation); *see also Gary*, 686 F.3d at 1284 (Wilson, J., dissenting) ("An order administratively approving (or disapproving) of funds within the scope of an attorney's [authorized] representation is not remotely comparable to an order conclusively determining whether certain proceedings fall within the representation authorized by § 3599.").

We see no meaningful distinction, for jurisdictional purposes, between the question of whether counsel's CJA appointment encompassed and hence permitted compensation for the pursuit of a lethal injection challenge under § 1983, and the controversy in *Harbison* as to whether counsel's CJA appointment encompassed the pursuit of relief in a state clemency proceeding. Accordingly, guided by *Harbison*, we hold that we have jurisdiction over Mr. Drummond's appeal.

## III. SCOPE OF COUNSEL'S CJA APPOINTMENT

Turning to the merits, two subsections of § 3599 are critical to our analysis. First, § 3599(a) specifies the proceedings in which a CJA appointment may initially be made: "criminal action[s] in which a defendant is charged with a crime which may be punishable by death," § 3599(a)(1), and "post conviction proceeding[s] under

[28 U.S.C. §] 2254 or 2255 . . . seeking to vacate or set aside a death sentence," § 3599(a)(2). Second, § 3599(e) specifies the authorized scope of such appointments, which reaches beyond the confines of the original proceeding to include "every subsequent stage of available judicial proceedings, including . . . appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with *applications for stay of execution and other appropriate motions and procedures*." (Emphasis added).[4]

---

[4]     The full text of the pertinent CJA provisions reads as follows:

**(a)(1)**  Notwithstanding any other provisions of law to the contrary, in every criminal action in which a defendant is charged with a crime which may be punishable by death, a defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services at any time either--

       **(A)** before judgment; or

       **(B)** after the entry of a judgment imposing a sentence of death but before the execution of that judgment;

shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).

**(2)**  In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).

. . .

(continued)

- 7 -

The first condition is clearly satisfied here. Mr. Drummond was appointed in connection with Mr. Hooper's habeas proceeding (and compensated pursuant to that appointment for his preliminary work on the lethal-injection challenge, until he commenced the § 1983 action). The crux of the matter is whether the scope of that appointment properly extended to the § 1983 action. On that point, we have found no relevant circuit precedent. Of course, the panel that compensated Mr. Drummond under the CJA for his work on Mr. Hooper's lethal-injection appeal necessarily concluded that such work fell within the scope of § 3599, but its brief unpublished order does not explain the rationale for that conclusion and the decision itself is not binding precedent, *see* 10th Cir. R. 32.1(A).

This lack of precedent does not leave us without guidance—we have the language of the statute and that suffices, at least for the particular circumstances presented here. As mentioned above, after considering the Supreme Court's direction in *Hill* regarding appropriate procedures for challenging the constitutionality of

---

**(e)** Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to defendant.

specific lethal-injection protocols, Mr. Drummond filed a § 1983 action seeking injunctive relief to stay Mr. Hooper's execution until a constitutionally permissible protocol was provided.[5] In short, he pursued an *appropriate procedure* seeking a *stay of execution*—a course that tracks the specific language in § 3599(e) identifying judicial proceedings to which a CJA appointment properly extends. Thus, without embracing any broad principle as to the statutory authorization for counsel in § 1983 actions generally, we conclude that Mr. Drummond's efforts on behalf of Mr. Hooper in this particular § 1983 action properly fell within the scope of his existing appointment.[6]

The judgment of the district court is reversed and the matter is remanded with directions to compensate Mr. Drummond for his work on behalf of Mr. Hooper in the

---

[5]     The complaint acknowledged the execution could go forward if either of two proffered alternatives were used: a one-drug protocol consisting of a lethal dose of a fast-acting barbiturate, or the existing three-drug protocol with a back-up dose of barbiturate to ensure loss of consciousness before administration of drugs capable of inducing pain. *See* Complaint in W.D. Okla. No. 5:12-cv-00758-M.

[6]     In support of its contrary view, the district court cited the Guide to Judiciary Policy, which states in general terms that the CJA does not cover "[p]risoners bringing civil rights actions under 42 U.S.C. § 1983." Guide to Judiciary Policy, Vol. 7, § 210.20.50(c). To the extent this provision refers to a prohibition on the initial appointment of CJA counsel in § 1983 proceedings, it simply reflects the Congressional directive in § 3599(a) restricting CJA appointments to criminal and post-conviction proceedings. As explained above, that directive is satisfied. To the extent the provision refers to a prohibition on the *extension* of a proper CJA appointment to include representation in related § 1983 proceedings *that fall within the permissive scope of § 3599(e)*, the Congressional directive must control and it authorizes the representation here.

underlying § 1983 action.  The specific amount of the CJA award is, of course, left to the unreviewable discretion of the district court.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge