**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joyce M. GRIGGS, Defendant–
Appellant.**

No. 98–8882.

United States Court of Appeals,
Eleventh Circuit.

Jan. 31, 2001.

Frank J. DiMarino, Asst. U.S. Atty.,
U.S. Dept. of Justice, Savannah, GA, for
Plaintiff–Appellee.

Before EDMONDSON, CARNES and
COX, Circuit Judges.

PER CURIAM:

Attorney Joyce M. Griggs appeals the district court's order compelling Griggs to reimburse the Criminal Justice Act fund pursuant to 18 U.S.C. § 3006A(f) for fees she received from a client. The court concluded that the fees should be used to cover the fees and expenses of the client's former court-appointed lawyer. Griggs presents a number of issues on this appeal. However, we cannot reach the merits of Griggs's appeal because we lack jurisdiction.

Under 28 U.S.C. § 1291, this court has jurisdiction over appeals of the final decisions of district courts. In *United States v. Rodriguez,* we concluded that fee determinations made by district courts pursuant to the § 3006A(d) of the Criminal Justice Act (CJA) were administrative in nature and therefore not subject to appeal as final decisions. *See* 833 F.2d 1536, 1537 (11th Cir.1987). In reaching that conclusion, we noted that the CJA makes no provision for appeal of fee determinations; district courts are vested with discretion to set the amounts; fee determinations are made in an administrative setting rather than in an adversarial posture; awards of fees are not dependent upon the outcome of the case; and the CJA does not require a court to hold adversary hearings on fee awards. *See id.* at 1537–38.

The factors recognized in *Rodriguez* are also present when a district court orders the payment of funds under § 3006A(f). As with fee determinations, payment orders under § 3006A(f) are not made appealable by the CJA, are left to the discretion of the trial judge, are made in an administrative setting, are unrelated to the outcome of the case, and can be made without prior adversary hearings. We therefore conclude that § 3006A(f) payment orders, like § 3006A(d) fee determinations, are not appealable final orders under § 1291. Accordingly, Grigg's appeal is dismissed for want of jurisdiction.

DISMISSED FOR WANT OF JURIS-DICTION.