[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 20, 2008
THOMAS K. KAHN
CLERK

No. 08-11962
Non-Argument Calendar

_____

D. C. Docket No. 06-10004-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY N. HOMRIGHAUSEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 20, 2008)**

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Timothy N. Homrighausen appeals the district court's denial of his motion

for return of property, filed pursuant to Federal Rule of Criminal Procedure 41(g). After review, we vacate the district court's order and remand.

## I. BACKGROUND

In February 2006, after receiving an anonymous tip, the Federal Bureau of Investigation ("FBI") began investigating Homrighausen's involvement in a bank robbery. When FBI agents questioned Homrighausen, they discovered a small pocket knife and $3,040 (thirty $100 bills and two $20 bills) in his pockets. The FBI arrested Homrighausen for the bank robbery and seized the money found on Homrighausen, although it did not contain bait bills from the bank robbery.

A federal grand jury returned an indictment charging Homrighausen with one count of bank robbery, allegedly taking $6,831.00, in violation of 18 U.S.C. § 2113(a). The indictment did not contain a forfeiture count.

At an initial appearance hearing, the magistrate judge asked Homrighausen whether he had funds with which to hire an attorney to represent him or had over $20,000 or possessed property. When Homrighausen replied that he did not, the magistrate judge agreed to appoint him counsel. Later, the magistrate judge appointed Assistant Federal Public Defender Stewart Abrams to represent Homrighausen, and Homrighausen pled not guilty.

On April 4, 2006, the jury found Homrighausen not guilty of the bank

robbery charge. On April 5, 2006, the district court entered a judgment of acquittal.

On the same day, Homrighausen filed his Rule 41(g) motion, requesting that the government release the $3,040, along with any personal property seized at the time of his arrest. Homrighausen argued that the government used the money found in his pockets as evidence at trial and that the jury found that this money was not bank robbery proceeds. The government did not respond to Homrighausen's motion.

Two years later, on March 18, 2008, the district court denied the Rule 41(g) motion. The district court stated that Homrighausen had "represented at his initial appearance that he had no money to hire counsel, but now claims he owns the seized $3,040.00," and found that Homrighausen "has the means to pay for some of the costs of representation and is not indigent." The district court noted that "[t]he Public Defender represented Defendant with great skill, and Defendant was acquitted." The district court concluded that the money "should be paid toward the Government's costs and expenses incurred by hiring a Public Defender to represent Defendant at taxpayer's cost" and directed the Court Registry Clerk to release the $3,040 to the United States Treasury. Homrighausen filed this appeal.

## II. DISCUSSION

## A. Appellate Jurisdiction

As a threshold matter, we reject the government's argument that we lack jurisdiction to review the district court's order because it was entered pursuant to 18 U.S.C. § 3006A(f).[1]  See United States v. Griggs, 240 F.3d 974, 974 (11th Cir. 2001) (concluding that payment orders made pursuant to § 3006A(f) are administrative rulings not subject to appellate review).  The district court did not reference § 3006A(f) in its order or give Homrighausen any indication that it intended to proceed under § 3006A(f) prior to entering its order.  See United States v. Bursey, 515 F.2d 1228, 1238 (5th Cir. 1975) (requiring notice and an opportunity to object before appropriating funds pursuant to § 3006A(f)).[2]  Instead, the district court ruled on Homrighausen's timely Rule 41(g) motion, a ruling this Court has appellate jurisdiction to review.  See United States v. Machado, 465 F.3d 1301, 1307 (11th Cir. 2006).[3]

## B. Rule 41(g) Motion

Federal Rule of Criminal Procedure 41(g) states:

---

[1]Section 3006A(f) permits a court to direct that funds be deposited in the Treasury as a reimbursement when the court "finds that funds are available for payment from or on behalf of a person furnished representation."  18 U.S.C. § 3006A(f).

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit before October 1, 1981.

[3]Homrighausen filed his notice of appeal within the limitations period of 28 U.S.C. § 2401(a), and his appeal was timely under Federal Rule of Appellate Procedure 4(a)(1)(B).

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). When a Rule 41(g) motion is filed "after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity." United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005). For a property owner to invoke Rule 41(g), he must show that he has "clean hands," and that he has "a possessory interest in the property seized by the government." Id. When a Rule 41(g) motion is filed after criminal proceedings have been terminated, "the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." United States v. Potes Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2001) (quotation marks omitted).

There is no dispute that the seized funds belonged to Homrighausen. Because Homrighausen filed his motion for return of the property after he was acquitted and thus after proceedings had terminated, Homrighausen is presumed to have a right to the return of his property, absent a legitimate reason proven by the government. The government failed to respond to Homrighausen's Rule 41(g)

5

motion, however, and thus did not demonstrate a legitimate reason to retain the property. Moreover, Homrighausen showed that he was acquitted of the bank robbery charge, and there is no other evidence in the record of "unclean hands."

For the foregoing reasons, we vacate the district court's order denying Homrighausen's Rule 41(g) motion for return of property and remand to the district court for proceedings consistent with this opinion. On remand, because Homrighausen has shown he is entitled to the return of the funds, if the district court wants to remit the funds to the Treasury as reimbursement, it must comply with 18 U.S.C. § 3006A(f) and the procedures outlined in <u>Bursey</u>. Failing that, the district court must return the funds to Homrighausen.

**VACATED AND REMANDED.**