[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13551
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 17, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-10004-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY N. HOMRIGHAUSEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 17, 2010)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Timothy N. Homrighausen appeals the district court's order that (1) denied

his motion for return of property ($3,040 in cash) filed pursuant to Federal Rule of

Criminal Procedure 41(g), and (2) simultaneously directed that the funds

Homrighausen sought to have returned be deposited with the U.S. Treasury,

pursuant to 18 U.S.C. § 3006A(f), as payment for Homrighausen's legal

representation. After review, we affirm the district court's denial of

Homrighausen's Rule 41(g) motion, but dismiss Homrighausen's appeal to the

extent he seeks review of the district court's § 3006A(f) payment order.

## I. BACKGROUND

This is Homrighausen's second appeal regarding his motion for return of

property. In 2006, Federal Bureau of Investigation agents arrested Homrighausen

in connection with a bank robbery and seized $3,040 found in his pocket. A

federal grand jury indicted Homrighausen for bank robbery, but the indictment did

not include a forfeiture count. Because at an initial appearance hearing

Homrighausen indicated that he did not have funds to hire a lawyer, a magistrate

judge appointed an assistant public defender to represent Homrighausen pursuant

to the Criminal Justice Act, 18 U.S.C. § 3006A(b). After trial, the jury found

Homrighausen not guilty.

On the same day that the district court entered a judgment of acquittal,

Homrighausen filed a Rule 41(g) motion for the return of the $3,040 seized at the

time of his arrest. The government did not respond to this motion. Without notice

2

or a hearing, the district court entered an order denying Homrighausen's Rule 41(g) motion and directing that the $3,040 be paid to the Treasury to defray the costs of hiring the public defender to represent Homrighausen.

On appeal, this Court vacated the district court's order and remanded with instructions that "if the district court wants to remit the funds to the Treasury as reimbursement, it must comply with 18 U.S.C. § 3006A(f) and the procedures outlined in Bursey. Failing that, the district court must return the funds to Homrighausen."[1] United States v. Homrighausen, No. 08-11962, slip op. at 6 (11th Cir. Nov. 20, 2008).

Section 3006A(f) permits a district court to direct that funds be deposited in the Treasury as a reimbursement when the court "finds that funds are available for payment from or on behalf of a person furnished representation." 18 U.S.C. § 3006A(f). Our decision in Bursey prohibits the district court from summarily disbursing funds to the Treasury under § 3006A(f) and requires the district court to first "make an 'appropriate inquiry' as to the availability of the funds for payment as required under subsection (f)." 515 F.2d at 1236, 1238 (quoting § 3006A(b)).

On remand, the district court held an initial hearing and ordered the

---

[1] United States v. Bursey, 515 F.2d 1228 (5th Cir. 1975). In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit decided before October 1, 1981.

government to respond to Homrighausen's Rule 41(g) motion. After the government complied and Homrighausen filed a reply, the district court notified Homrighausen of its intent to deposit the $3,040 in seized funds with the Treasury pursuant to § 3006A(f) and advised him to file any objections. Homrighausen filed his objections, arguing that he had been unemployed for the past three years, currently had no significant assets and was in virtually the same financial condition as when he was originally found eligible for court-appointed counsel.

The district court held a second hearing and heard testimony from Homrighausen about his financial resources. Homrighausen testified that he had less than $100 in cash, had no savings account or investments, currently earned approximately $200 per week, paid $115 per week in rent, and owned two bicycles and some modest jewelry. Homrighausen was not married and did not have any dependents.

After the hearing, the district court entered an order finding that because the $3,040 in cash belonged to Homrighausen and he was entitled to its return absent a legitimate reason to withhold it, Homrighausen had "funds available for payment" for his court-appointed representation, as required by § 3006A(f) and Bursey. The district court thus denied Homrighausen's Rule 41(g) motion for the return of this cash and directed that the $3,040 be deposited with the Treasury for partial

4

reimbursement of his legal representation, pursuant to § 3006A(f).[2]  Homrighausen

filed this second appeal.

## II. DISCUSSION

At the outset, we must address whether we have jurisdiction to review the

district court's order.  Citing United States v. Griggs, 240 F.3d 974 (11th Cir.

2001), the government argues that we lack jurisdiction to review the district court's

§ 3006A(f) ruling.  We agree.  Under Griggs, an order for the payment of funds

under § 3006A(f) is not a final appealable order within the meaning of 28 U.S.C.

§ 1291 because, inter alia, it is administrative in nature and left to the discretion of

the trial court.  240 F.3d at 974.  Thus, we do not address the merits of the district

court's § 3006A(f) ruling.[3]

We do have jurisdiction to review the district court's ruling on

Homrighausen's Rule 41(g) motion.  See United States v. Machado, 465 F.3d

---

[2]At the hearing, Homrighausen's public defender advised the district court that he spent approximately fifty hours on Homrighausen's trial.  The district court estimated, based on the current pay rate of $110 an hour for attorney's appointed under the Criminal Justice Act, that Homrighausen's defense cost approximately $5,500.  Thus, the $3,040 was only a partial reimbursement for Homrighausen's representation.

[3]Under Griggs, we lack jurisdiction to review the merits of a district court's § 3006A(f) ruling (i.e., the finding that funds are available for payment and the discretionary decision whether to direct that funds be paid to the Treasury as reimbursement for court-appointed counsel).  Under Bursey, however, we can review whether the district court has complied with the procedural requirements before entering the § 3006A(f) ruling.  In this second appeal, Homrighausen does not contend that the district court failed to comply with the procedures in § 3006A(f) and Bursey before directing payment to the Treasury.

1301, 1307 (11th Cir. 2006), <u>overruled on other grounds by</u> <u>United States v.</u> <u>Lopez</u>, 562 F.3d 1309, 1311-13 (11th Cir. 2009).  Rule 41(g) provides that "a person aggrieved . . . by the deprivation of property may move for the property's return."  Fed. R. Crim P. 41(g). When the Rule 41(g) motion is filed after criminal proceedings have terminated, "the person from whom the property was seized is presumed to have a right to its return and the government must demonstrate that it has a legitimate reason to retain the property."  <u>United States v. Potes Ramirez</u>, 260 F.3d 1310, 1314 (11th Cir. 2001).

A Rule 41(g) motion filed after the termination of the criminal proceedings is a motion in equity, for which the district court "will determine all the equitable considerations in order to make a fair and just decision."  <u>United States v. Howell</u>, 425 F.3d 971, 974 (11th Cir. 2005).  We review questions of law relating to a Rule 41(g) motion <u>de novo</u>, but review "the equitable equation of the district court's decision to deny a Rule 41(g) motion only for abuse of discretion."  <u>Machado</u>, 465 F.3d at 1307.

Here, the district court denied Homrighausen's Rule 41(g) motion because, after following the procedures set forth in § 3006A(f) and <u>Bursey</u>, the district court determined that the seized funds were "available for payment" to the Treasury for of Homrighausen's court-appointed representation.  And, Homrighausen does not

6

dispute that he had court-appointed representation or that the representation through trial was more than the $3,040. Under the circumstances, we cannot say the district court abused its discretion in denying the Rule 41(g) motion.

**AFFIRMED IN PART, DISMISSED IN PART.**