# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2010

Charles R. Fulbruge III
Clerk

No. 10-70002

HENRY W. SKINNER,

Plaintiff-Appellant,

versus

LYNN SWITZER,
District Attorney for the 31st Judicial District of Texas,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
No. 2:09-CV-0281

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Henry Skinner, convicted of capital murder and sentenced to death,[2] appeals the dismissal of his complaint under 42 U.S.C. § 1983 in which he asserts that the defendant district attorney's refusal to allow him access to biological evidence for purposes of forensic DNA testing violates his Fourteenth Amendment right to due process and his Eighth Amendment right to be free from cruel and unusual punishment. The district court adopted the report and recommendation of the magistrate judge and granted defendant's motion to dismiss.

Execution is set for February 24, 2010. Skinner moves to expedite the appeal and proposes an expedited briefing schedule to which the defendant does not object. In his motion, Skinner acknowledges that the law of this circuit is contrary to the position taken in his complaint; he refers specifically to the binding authority of Kutzner v. Montgomery County, 303 F.3d 339 (5th Cir. 2002), and to the unpublished but persuasive opinion in Richards v. District Attorney's Office, No. 09-10144, 2009 U.S. App. LEXIS 26947 (5th Cir. Dec. 10, 2009) (per curiam) (unpublished). In both of those cases, this court held that an action by a prisoner for post-conviction DNA testing is not cognizable under § 1983 and must instead be brought as a petition for writ of habeas corpus.

Skinner suggests that, as an alternative to receiving full briefing on an expedited basis, this court can dispose of the appeal on the basis of Kutzner and Richards. This would allow Skinner to seek relief expeditiously in the Supreme Court in light of the scheduled execution.

We agree with that suggestion. The judgment is AFFIRMED. The motion to expedite the appeal is DENIED as unnecessary. The mandate shall issue forthwith.

---

[2] See Skinner v. Quarterman, 576 F.3d 214 (5th Cir. 2009), petition for cert. filed (Nov. 23, 2009) (No. 09-7784).