# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 8, 2010

Charles R. Fulbruge III
Clerk

No. 10-70002

HENRY W. SKINNER,

                                        Plaintiff-Appellant,

versus

LYNN SWITZER,
District Attorney for the 31st Judicial District of Texas,

                                        Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
No. 2:09-CV-0281

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Henry Skinner, convicted of capital murder and sentenced to death,[1] is appealing the dismissal of his complaint under 42 U.S.C. § 1983 in which he asserts that the defendant district attorney's refusal to allow him access to biological evidence for purposes of forensic DNA testing violates his Fourteenth Amendment right to due process and his Eighth Amendment right to be free from cruel and unusual punishment. The district court adopted the report and recommendation of the magistrate judge and granted defendant's motion to dismiss. This court affirmed on the basis of binding circuit precedent. Skinner v. Switzer, No. 07-70017, 2010 WL 338018, at *1 (5th Cir. Jan. 28, 2010) (per curiam) (citing Kutzner v. Montgomery County, 303 F.3d 339 (5th Cir. 2002), as binding and Richards v. District Attorney's Office, No. 09-10144, 2009 U.S. App. LEXIS 26947 (5th Cir. Dec. 10, 2009) (per curiam) (unpublished), as persuasive).

Execution is set for February 24, 2010. On February 1, 2010, Skinner moved in the district court for a stay of execution pending appeal. On February 2, the district court dismissed the motion for want of jurisdiction.

Skinner moves this court for an injunction prohibiting the Texas Department of Criminal Justice from executing him until all appeals have been resolved. He acknowledges that the position he is taking is "squarely foreclosed in this circuit by Kutzner" and "that, according to longstanding precedent and practice of this Court, stays will not be granted for purposes of seeking relief from the Supreme Court on an issue as to which Fifth Circuit law is settled against the appellant, even when the Supreme Court has already granted certiorari on the same issue in another case" (citing Kelly v. Quarterman, 296 F. App'x 381, 382 (5th Cir.), cert. denied, 129 S. Ct. 444 (2008)). Skinner relies on the fact that the Supreme Court granted certiorari on the issue, but ultimately did not decide it, in District Attorney's Office v. Osborne, 129 S. Ct. 2308 (2009).

---

[1] See Skinner v. Quarterman, 576 F.3d 214 (5th Cir. 2009), petition for cert. filed (Nov. 23, 2009) (No. 09-7784).

Skinner candidly "recognizes that it is unlikely that this Court will issue the stay requested by this Motion." He properly raises the issue here, nonetheless, to preserve it for possible Supreme Court consideration, citing SUPREME COURT RULE 23.

The motion, whether treated as a motion for stay of execution or a motion for injunction, is DENIED. The mandate has already issued.